CALVIN MAGEE and WIFE *v.* WILEY A. YOUNG, Administrator.

1. DOWER: WIFE'S SEPARATE PROPERTY EQUAL TO HER PORTION OF HUSBAND'S REAL AND PERSONAL ESTATE.—The widow is not entitled to dower, where the marriage and seisin of the husband was before the 1st day of November, A D. 1857, when the provisions of the code touching the question went into operation, and where the death of the husband occurred afterwards, if her separate property is equal in value to what would be her portion of her husband's real and personal estate. Rev. Code, 337, article 30; *Wheatley* v. *Stephenson*, 38 Miss. 113.

2. DOWER: POWER OF LEGISLATURE OVER BEFORE THE DEATH OF THE HUSBAND.—It is competent for the legislature to modify and change the laws in relation to the right of dower, to have effect upon cases where the marriage is consummated, and seisin had before the passage of the law, and the right of dower is not vested by the death of the husband.

3. DOWER: MARRIAGE AND SEISIN FOUNDATION OF RIGHT: DEATH OF HUSBAND VESTS TITLE.—Marriage and the seisin of the husband constitute the foundation of the right of dower. They give an inchoate right that may be defeated by the death of the wife, and it becomes complete and vested on the death of the husband, the wife surviving. 4 Kent's Com. 61; 1 Hilliard's Real Prop. 601, 628; Park on Dower, 247; 1 Cruise's Dig., title vi., Dower, section 1.

4. HUSBAND AND WIFE: WIFE'S CHOSES IN ACTION NOT REDUCED TO POSSESSION DURING COVERTURE: POWER OF LEGISLATURE OVER HUSBAND'S RIGHTS.—At common law, the right of the husband to the wife's personal property and choses in action, not reduced to possession during coverture, is a qualified right. The reduction to possession during coverture being a condition precedent, that must be performed before the right becomes vested. The legislature, before the right has vested, has the power to provide that all property thereafter acquired by the wife during coverture, or coming to her possession, shall enure to her sole and separate use, excluding any right on the part of the husband. 13 S. & M. 347; 24 Miss. 90.

5. MARRIAGE NOT A CONTRACT WITHIN THE MEANING OF THE CONSTITUTION.—Marriage is created by public law, is subject to the public will, is an institution of the State founded on reasons of public policy. It is not within the constitutional prohibition "that no State shall pass any law impairing the obligation of contracts."

6. DOWER NOT A MATTER OF MARRIAGE CONTRACT.—Dower is not a right founded in contract; it results from the fact of marriage, is incident to it, and is a matter of social and domestic policy of the State.

Magee et ux. *v.* Young.

APPEAL from the Probate Court of Amite county. Hon. R. M. Neilson, judge.

The opinion of the court contains a concise and correct statement of the facts of the case.

*E. Safford* and *F. H. Sleeper* for appellants.

The question presented is whether a wife acquires such a right of dower in the lands whereof her husband was seized during coverture, as cannot be defeated or impaired by legislation.

The administrator, in his answer to appellants' petition, seeks to apply to this case article 30, page 337, Rev. Code, and cite case of *Whitley* v. *Stephenson*, 35 Miss., page 113, against us.

The record in that case shows marriage took place in 1852, but fails to show that the husband was seized of the lands in question prior to *November* 1, 1857. He died in 1858, and *may* have acquired title to them *after* November 1, 1857. The record does not show concurrence of marriage and seisin before the Revised Code took effect. The record in the case at bar *does* show concurrence of marriage and seisin before the Revised Code took effect; consequently we hold that Mrs. Young acquired such an interest in her husband's lands as legislation could not impair. If, as we hold, the provisions of article 30, page 337, Rev. Code, are inapplicable to this case, the decree is erroneous. If Mrs. Young had a vested right of dower in her husband's lands at the time the Rev. Code went into effect, no legislation can impair it. 1 How., page 183; 7 Johns., page 477. But, it is said, her right was *inchoate*, and not consummate. An *inchoate* right may be as much a *vested* right as any other species of right. The law existing at the time of her marriage with James Young, itself a part of the marriage contract, assured her that on the death of her husband, she should possess a certain portion of his lands, without regard to the value of her separate estate. Can the legislature now, after the consummation of the marriage contract has rendered her powerless to change its terms, deprive her of that the law assured to her at the time of her marriage?

" Dower is an interest attaching to the land, as soon as there is concurrence of marriage and seisin." 4 Kent's Com., page 50. " The concurrence of marriage and seizure is properly the groundwork of dower." Park on Dower, chapter 2, page 7.   In our own statutes, the interest of a *feme covert* in her husband's lands is called the *"right"* of dower." Hutch. Dig., page 609, section 20 ; Rev. Code, page 313, article 22.   What is the use of the solemnities required in the execution of conveyances by married women, unless it be to divest a *right* in the lands conveyed ? In 4 Kent's Com., page 48 *et seq.*, and in other authorities, we are informed how the right of dower may be "defeated," "barred," "extinguished," etc.   What do these *defeats, bars, extinguishments*, etc., act upon, unless upon a *right?*   Appellees cite 24 Miss., page 85, and definition therein of *"vested right."*   By concurrence of marriage and seisin, there was, in our case, "a present fixed right of future enjoyment."   That this right was liable to be defeated by the prior death of the wife, is no argument against its existence.   An uncertainty that the parties will ever *come* to the future enjoyment of the estate does not argue that there is no fixed *right* of future enjoyment. The case differs from the case put in *Marshall* v. *King*, 24 Miss., page 90, in that here, "the title or fee *could not* be disposed of by the deed of the husband," " so as to defeat her right of dower."   Miss. Code, page 608, section 19.

An admission of a right in the legislature to impair a woman's right to dower, would be productive of great evil and injustice.   Suppose a lady, in a State where the common law prevails, marries, and by her marriage makes to her husband a gift of large property, the law at the time assuring her, in return, one-third of his real estate at his death.   Suppose, *after marriage*, the legislature should limit her right down to one-twentieth, or sweep it out entirely.   Could such a law apply to her case ?   It remains for the court to decide on the question, presented now for the first time, whether the assurances of the law to women about to marry, are to be made snares to induce them to dispense with marriage contracts, and to find themselves some day widows, impoverished, robbed by legislation

Magee et ux. *v.* Young.

of the means of support assured to them, before marriage disabled them from protecting themselves.

Referring again, briefly, to *Whitley* v. *Stephenson*, it is enough to state that the point now presented was not presented in that case, and it cannot, therefore, be taken as a precedent, though the facts *not presented* by the record may have been the same as those in the case at bar. And hence we conclude that though the decision in that case, upon the points presented, was right, the decree of the Probate Court in this case was erroneous, and ought to be reversed.

*D. W. Hurst* for appellees.

It will be observed that the right to dower is not claimed by appellants on the ground of ownership by the husband *at the time of* marriage.

The legislature can, without interfering with vested rights, alter the law of dower, unless the wife's interest has become *vested* by the death of the husband. We hold that on seisin of the husband, the wife takes no *vested interest* in any part of the real estate. "A vested interest is a present fixed right of future enjoyment." Fearne on Rem. How can interest be *fixed*, which depends on an uncertain contingency? Having *had no* estate during coverture, if she survives her husband, her right attaches by virtue of laws *then* in force. An estate is *contingent* when the right of enjoyment is to accrue on a dubious or uncertain event. A wife's right to dower depends on her surviving her husband. An interest depending on an uncertain event is not, properly speaking, an "estate" in the lands, being merely *a right to have an estate* in the land, if the contingency happen. The wife's interest being contingent, the legislature *could* change the law. The case of *Whitley* v. *Stephenson* is decisive on this point, and covers the question in this case, for if the appellants are right, the court, in that case, were clearly wrong.

HANDY, C. J., delivered the opinion of the court.

This was a petition in the Court of Probate for the allotment

of dower to the widow of James Young, deceased, in his real estate.

It appears by the petition and the answer of the appellee, the administrator of the deceased husband, that the appellant and the deceased were married prior to November, 1857, and that, prior to that time, he acquired the lands in which dower was sought to be recovered, and that he died seized thereof in the year 1860, and intestate; that his personal estate was insufficient to pay his debts, and that his lands had been decreed, by the Court of Probate, to be sold for that purpose; that, at the time of his death, his widow had separate property in her own right, equal in value to what would be her lawful portion of her husband's real and personal estate, which portion would not exceed $2,500, and her separate estate, so owned and held by her, was of the value of $6,000—and upon these grounds, the administrator resisted the application for dower, and, on the hearing, the petition was dismissed.

It appears that the marriage and the seisin of the husband of the lands in question, took place before the provisions of the Revised Code touching the subject went into operation on the first day of November, 1857, but that his death took place after that time. And it has been held by this court, that, both in cases of testacy and intestacy, where a husband dies leaving a widow *with a separate estate*, her right to dower in the real estate is controlled by the provisions of article 30, Rev. Code, 337—and this in virtue of the provision in article 176, Rev. Code, 470. *Whitley* v. *Stephenson*, 38 Miss. 113. The result is, that, in cases embraced in these statutes, the widow is not entitled to dower in the real estate of her husband where she had a separate property, at the time of his death, equal in value to what would be her portion of her husband's real and personal estate.

But it is contended in behalf of the widow, that these provisions of law cannot affect her, because her right of dower became a vested interest in consequence of her marriage and the seisin of the husband during the coverture, which took place before these provisions were enacted; and that it was not competent for the legislature to interfere with her right

Magee et ux. *v.* Young.

thus vested. And the question presented is, whether it is competent for the legislature to modify and change the laws in relation to dower, to have effect upon cases where the marriage and seisin have taken place before the passage of the act, but the title has not been consummated by the death of the husband; and this depends upon the nature and character of the right of dower before the husband's death.

It is unquestionably true that the concurrence of marriage and seisin constitutes the foundation of the right of dower; but they do not of themselves vest the *title* in the wife. Park on Dower, 7. They give rise to an inchoate right, which does not become complete until the death of the husband. 4 Kent's Com. 50. And an inchoate right of dower is a mere possibility, and not an estate. 1 Hilliard on Real Property, 601, section 28; because it is liable at any time to be defeated by the death of the wife, the husband surviving. From the death of the husband, the *incipient* title, which existed in the wife during coverture, becomes consummated and perfected. Park on Dower, 247; 1 Cruise Dig., title vi., section 1; and until that time, it is not a vested estate, but a mere contingent interest or a *chose in action.* 4 Kent's Com. 61.

This right appears to be analogous to that of a husband to his wife's personal property and *choses in action* not reduced to possession by him during the coverture. That is a qualified right, upon the condition that he reduce them to possession during coverture—a condition precedent that must be performed before the right becomes vested. So in this case, the right of dower depends, for its substantial exercise, upon the contingency that the wife survive the husband; and until that occur, no interest becomes vested in the wife. It is settled by this court, that such right of the husband to the wife's *choses in action* is not a vested right; and that, before such right becomes vested by the husband reducing the *choses in action* to possession, the legislature has power, as a matter of public policy, to provide that all property thereafter acquired by the wife during coverture, or coming to her possession, shall inure to the sole and separate use of the wife, excluding any right on

the part of the husband—and this to apply to cases of marriage contracted before, as well as after, the passage of the act. *Clark* v. *McCreary*, 12 S. & M. 347. The power of the legislature over the inchoate and contingent right of the wife to dower in the husband's lands during his life, appears to stand upon the same principle, and to be equally well founded in justice to secure a correlative right in the husband.

It appears, therefore, that the right of the wife, proceeding merely from the marriage and seisin, the husband living, was not such " an immediate fixed right of present or future enjoyment" as is held to be necessary to constitute a vested interest. *King* v. *Marshall*, 24 Miss. 90—but a mere possible and contingent interest. And hence, as a matter of public policy, it was not beyond the power of the legislature to make laws modifying and defining the enjoyment of the right on the ground that such legislation would divest vested rights.

It is suggested that such legislation is obnoxious to constitutional objection, because it has the effect to impair the obligation of the contract of marriage, in consequence of which, the wife became entitled to her dower in all the lands of which her husband was seized during coverture.

This question has been the subject of much difference of opinion in the courts of many of the States of the Union.

The view suggested here appears to be sanctioned in Missouri, Florida, and in part in New York. *Gentry* v. *Fry*, 4 Missouri, 120; *Bryson* v. *Campbell*, 12 Ib. 498; *Ponder* v. *Graham*, 4 Florida, 23; *Kelly* v. *Harrison*, 2 John. Cases, 29; *Jackson* v. *Edwards*, 22 Wend. 498; while a different rule is held in Kentucky, Maine, Connecticut, and in other cases in New York; *Maguire* v. *Maguire*, 7 Dana, 184; 16 Maine, 479; *Starr* v. *Pease*, 8 Conn. 548; *Moore* v. *Mayor*, etc., 4 Selden, 110; *White* v. *White*, 5 Barb. 474.

It is to be observed that in most of these cases, the question was, whether the *marriage itself*, as a personal relation between the parties, was a *matter of contract* within the meaning of the constitution, so as not to be liable to be dissolved by legislative act. The view taken of the question in the latter class of cases

above cited, is that marriage was a matter *publici juris*, created by public law, subject to the public will and not to that of the parties, who could not dissolve it by mutual consent; that it was more than a contract, because it established fundamental domestic relations, affecting the welfare of the community; that it was an institution of the State, founded on reasons of public policy, and was, therefore, not embraced within the inhibition of the constitution. *Maguire* v. *Maguire*, 7 Dana; *Moore* v. *Mayor*, etc., 4 Selden. This view is sanctioned by Chancellor Kent, 1 Com. 417, note; and it appears to us to be well founded in reason and principle.

But dower is not a matter of marriage contract. It is no more so than the right of the husband to the *choses in action* of his wife not reduced to possession during coverture; which right, as we have seen, is settled by this court to be within the power of modification by the legislature. *Clark* v. *McCreary* and *King* v. *Marshall*. In both cases, the respective rights are *incidents* to the marriage, and result from it to the extent to which they go, but are not the subjects of positive contract. Dower is not a right founded in contract, but one resulting from the *fact* of marriage, as an incident to it, and as a matter of social and domestic policy of the State; and therefore it is that a widow is entitled to dower in England, though the marriage took place in a foreign country where the common law right of dower did not exist. Park on Dower, 21, 22; 2 Bac. Abr., Title, Dower C. So, by the common law, dower was forfeited by the attainder of the husband for treason. 2 Bl. Com. 130.

We are therefore of opinion that the provisions of the statute under consideration, with reference to the rights of married women whose husbands were living at the date of their enactment, were a legitimate exercise of the power of the legislature.

But we deem it proper to say, that we place this decision solely on the ground of legislative power over a subject-matter of public policy, and do not intend to intimate that a widow's right of dower is subject to be defeated or impaired by any other means, such as alienations of the husband (other than such

alienations as are authorized by the statute), incumbrances created or suffered by him, or by judicial sales of his real estate as now authorized by law.

The judgment must be affirmed.