Matter of the Estate of JOHN KOPP, Deceased.

(Surrogate's Court, New York County, February, 1918.)

Security for costs — who required to give — costs.

> Where by a decree judicially settling the accounts of the executor of decedent the comptroller of another state, who had filed certain objections to the account, was directed to pay certain costs and disbursements, but did not, an application by the administratrix *de bonis non* that said comptroller give security for any costs that may be awarded against him in a proceeding to determine the validity of the same claim presented by the objections which he again filed will be granted.

PROCEEDING upon the accounts of an administratrix *de bonis non.*

Henry E. Warner, for petitioner.

Alfred Yankauer (Jacob M. Cohen, of counsel), for the state comptroller of the state of California.

FOWLER, S. The comptroller of the state of California has filed objections to the account of the admin-

istratrix *de bonis non* on the ground that it does not provide for payment of the sum of $4,320 alleged to be due him for inheritance tax assessed upon the estate of the decedent by the state of California.

In a proceeding heretofore brought to settle the account of the deceased executor of decedent's estate similar objections were filed by the comptroller of the state of California, and the referee appointed by this court to hear and determine the questions raised by the objections reported that the validity of the claim of the comptroller of the state of California was not then before him, and the decree entered upon the report of the referee provided that the comptroller of the state of California should pay to the administratrix the sum of $142.65, costs and disbursements. This sum has not been paid. The administratrix *de bonis non* now asks that the comptroller of the state of California give security for any costs that may be awarded against him in the proceeding to determine the validity of the claim presented by the objections which he has again filed. Ordinarily this court would hesitate to direct an officer of a foreign state to give security for costs, but the fact that the costs which were heretofore awarded against the comptroller of the state of California have not been paid indicates that there is some reluctance on the part of that official to comply with the decree of this court, and as the administratrix *de bonis non* should not be put to the inconvenience and expense of going to California to enforce payment of costs awarded by this court I think that the comptroller of the state of California should give security for costs.

Application granted.