J. C. RUBY *v.* GOLDEN G. RUBY

(No. 7100)

Submitted March 22, 1932. Decided March 29, 1932.

*A. M. Belcher,* for appellant.
*E. S. Bock,* for appellee.

MAXWELL, JUDGE:

The Revised Code of 1931 contains a new section as follows:

"If the owner of real estate contracts to sell the same, and the spouse of such owner refuses to release his or her dower interest therein, such owner, or the person contracting to purchase, may institute suit in chancery for the purpose of having the dower interest released and the contract consummated. The court on the hearing may, in its discretion, and if satisfied that the contract of sale was made in good faith and without design to force such spouse to part with his or her dower interest, approve the sale and price, and cause to be paid to such spouse such gross sum, computed according to the method provided in article two of this chapter, as shall represent the present value of his or her inchoate dower right. Upon such payment as aforesaid the court shall order a release of the dower interest, by such spouse, or if he or she refuses to execute the release, then by a special commissioner to be appointed by the court for the purpose, which release shall be effectual to pass the property to the purchaser free of such right of dower." Code 1931, 43-1-6.

This suit was instituted by J. C. Ruby against his wife, Golden G. Ruby, for the purpose of ascertaining the value of her inchoate right of dower in a certain parcel of real estate one-half whereof was formerly owned by him; of permitting payment of such amount by him to her; of requiring her to release thereon her said dower interest, and upon her failure to do so to authorize a special commissioner to act in her stead. From a decree sustaining and effectuating the prayer of the bill, the wife appeals.

The plaintiff and another were equal owners of a lot of land on Kanawha Street in the City of Charleston. In 1922 they sold and conveyed the same to one J. B. Crowley for $60,000, whereof $20,000 was paid in cash and for the residue of the purchase money, notes were executed by the purchaser. These notes have been paid. The defendant did not join in said deed for the purpose of releasing her inchoate right of dower.

Contemporaneous with said sale and conveyance, J. C. Ruby and J. B. Crowley entered into an agreement under the terms whereof one of the deferred purchase money notes of $10,000, executed by said Crowley, payable to the said Ruby, was placed in the custody of the Central Trust Company of Charleston, with the requirement that it should:

"* * * receive the principal of and interest on said note whenever the same shall be paid; thereupon to invest $7,000 thereof, in event said Golden G. Ruby shall be then alive, and pay the remainder to J. C. Ruby or his heirs or assigns, except as hereinafter specified; and said Central Trust Company shall keep said $7,000 invested until the dower interest of the said Golden G. Ruby shall have been determined and settled by deed, court proceedings, death of the said Golden G. Ruby, or otherwise, and said Central Trust Company shall distribute said money accordingly, yet with this understanding, that distribution shall in no event be made until said dower interest shall be relinquished or otherwise absolutely extinquished."

The Bank still holds the sum of $7,000 with its accretions. The trial court ascertained that under the appropriate annuity table of the Code, the value of the said inchoate dower right as of the date of the decree was $4,038.28.

Predicating their conclusion on the fact that an inchoate dower right is in no sense a vested interest or estate, courts very generally hold that the legislature may, within constitutional authority, make such changes as it may see fit in the law affecting such inchoate interest, even to the extent of the destruction thereof. *Thornburg* v. *Thornburg,* 18 W. Va. 522; 6 Ruling Case Law, page 312; 9 Idem, page 566; *McNeer* v. *McNeer,* (Ill.) 19 L. R. A. 256, and note; *Griswold* v. *McGee,* (Minn.) 12 Am. &. Eng. Anno. Cases 186, and note; *Ferry* v. *Railway Co.,* 258 U. S. 314, 66 L. Ed. 635, 20 A. L. R. page 1326, and note. In these notes and annotations reference may be had to many cases. In the light of the almost universal authority on the subject it follows that even if the statute under consideration had the

effect of cutting down the inchoate right of dower, it would not on that ground be unconstitutional, but, as a matter of fact, the statute does not cut down nor impair the inchoate right. In reality, it makes such right more valuable because, formerly, there was no statutory authorization for the ascertainment of the value of such inchoate interest nor was there provision for the payment of the value thereof to the wife. The value of such right was entirely contingent upon her surviving her husband. Now, its present value may be ascertained and decreed to her.

But the defendant insists that her rights under the contract between her husband and Crowley have been impaired. She takes the position that the said sum of $7,000 was set aside for her benefit, and that the plaintiff cannot therefore now come in under the provisions of a subsequently enacted statute and force her to relinquish her inchoate dower right in the property on a less basis than $7,000. She says that the question to be determined is whether the plaintiff "can invoke the provisions of a statute and in effect set aside or destroy the provisions of the contract entered into between himself and J. B. Crowley on the first day of December, 1922." We are not favorably impressed with these propositions. As we interpret the contract between J. C. Ruby and Crowley, its sole purpose was the protection of Crowley in event Ruby should be survived by his wife and her dower interest in the property thereby become vested. The said sum of $7,000 was set aside as a safeguard or guaranty against such eventuality. Mrs. Ruby was not a party to the contract, had no control over it and cannot be heard to complain if the parties thereto subsequently saw fit to depart therefrom. In fact the parties to the contract have by this suit sought to terminate the contractual agrrangement, for, Crowley's widow and devisee has come in by petition asking to be made a co-plaintiff and joining in the prayer of the bill. The passage of the new statute was without effect upon the rights of the parties who made the contract to abandon the same. The said contract neither impaired any existing rights of Mrs. Ruby nor created for her any new rights. Her rights must be determined as though the said contract

had never been executed. She must be considered along with all other married women of the commonwealth whose inchoate dower right has been defined by the statute and thereby made subject to ascertainment as to value and to be released upon certain contingencies.

The appellant does not question the correctness of the amount ascertained by the trial court as the present value of her inchoate right, if the statute is applicable to her.

Perceiving no error, we affirm the decree.

*Affirmed.*