In the Matter of the Estate of ANCIL GREENBERG, Deceased.

GEORGE SHAPIRO, as Executor of ANCIL GREENBERG, Deceased, et al., Appellants; LENA GREENBERG, Respondent.

(Argued March 1, 1933; decided April 18, 1933.)

*Charles F. Hulseman, William B. Chambers, Bessie · Goldstein* and *William Stanley Miller* for George Shapiro, as executor of Ancil Greenberg, deceased, appellant. The will, executed prior to the effective date of section 18 of the Decedent Estate Law (Cons. Laws, ch. 13), is not within the purview of the statute. The codicils executed after the effective date of the statute do not re-execute the will. (*Osburn* v. *Rochester Trust & Safe Deposit Co.*, 209 N. Y. 54; *Matter of Francis*, 73 Misc. Rep. 148; *Sisters of Charity* v. *Kelly*, 67 N. Y. 409; *Matter of Cunnion*, 201 N. Y. 123; *Bloodgood* v. *Lewis*, 209 N. Y. 95; *Viele* v. *Keeler*, 129 N. Y. 190.) To hold that the execution of the codicils brings the entire testamentary structure within the operation of section 18 of the Decedent Estate Law would work a partial revocation of the will not contemplated by that section and in unlawful conflict with section 34 of the Decedent Estate Law. (*Hard* v. *Ashley*, 117 N. Y. 606; *Pierpont* v. *Patrick*, 53 N. Y. 591.) The execution of the codicils after the effective date of section 18 of the Decedent Estate Law does not bring the unrevoked provisions of the will within the operation of the statute. (*Matter of Farmers' Loan & Trust Co.*, 138 App. Div. 121; 199 N. Y. 569; *Carl's Appeal*, 106 Penn. St. 635; *Matter of Sloan*, 168 Penn. St. 422; *Matter of Hamilton*, 74 Penn. St. 69; *Matter of Darlington*, 289 Penn. St. 297; *Matter of Bingaman*, 281 Penn. St. 497; *Matter of Bickley*, 270 Penn. St. 101.)

*Frederick A. Keck*, as special guardian for Mildred Greenberg et al., appellant. The decedent died after August 31, 1930, but did not leave a will thereafter

executed within the terms of section 18 of the Decedent Estate Law. (*Osburn* v. *Rochester Trust & Safe Deposit Co.*, 152 App. Div. 235; 209 N. Y. 54; *Matter of Cunnion*, 201 N. Y. 123; *Brown* v. *Clark*, 77 N. Y. 369.)

*Abraham L. Bienstock* and *Max D. Steuer* for respondent. In construing section 18 of the Decedent Estate Law the word "codicil" is synonymous with the word "will" by expressed definition in the Decedent Estate Law, and on the theory of republication. (*Osburn* v. *Rochester Trust & Safe Deposit Co.*, 209 N. Y. 54; *Matter of Miller*, 119 Misc. Rep. 4; *Woollcott* v. *Shubert*, 217 N. Y. 212; *Mitchell* v. *Schroeder*, 94 Misc. Rep. 270; 174 App. Div. 857; *McLean* v. *United States*, 226 U. S. 374; *Matter of Brann*, 219 N. Y. 263; *Matter of Simeone*, 141 Misc. Rep. 737; *Caulfield* v. *Sullivan*, 85 N. Y. 153.) The decree appealed from fulfills the purpose of the statute to prevent disinheritance of widows and to secure provision for them. (*Freeman* v. *Ramsay*, 189 N. C. 790; *Matter of Bergdorf*, 206 N. Y. 309; *Archer* v. *Equitable Life Assur. Soc.*, 218 N. Y. 18; *Matter of Gorden*, 172 N. Y. 25; *Root* v. *Stuyvesant*, 18 Wend. 256; *St. John* v. *Andrew Institute*, 117 App. Div. 698; *Matter of Gaffken*, 197 App. Div. 257.)

POUND, Ch. J. Ancil Greenberg, the testator, died in Kings county, February 16, 1931. He left a widow and five children. He also left a will, dated December 21, 1927, a codicil thereto dated October 30, 1930, and another codicil dated January 3, 1931. The will and codicils were admitted to probate. No provision was made in the will for the widow except a legacy of one dollar coupled with an expression of disappointment in her failure to establish for testator "a blissful and contented home." The widow gave notice of election to take her share of the estate as in intestacy, as provided

by section 18 of the Decedent Estate Law (Cons. Laws, ch. 13). The Surrogate's Court sustained her contention. The Appellate Division affirmed.

The Decedent Estate Law (Laws 1929, ch. 229, § 18, par. 1) provides: " Where a testator dies after August thirty-first, nineteen hundred and thirty, and leaves a will thereafter executed and leaves surviving a husband or wife, a personal right of election is given to the surviving spouse to take his or her share of the estate as in intestacy," subject to limitations not bearing on this question.

It also provides (§ 2): " The term ' will,' as used in this chapter, shall include all codicils."

The appellant contends that as the " will " herein was executed prior to August 31, 1930, section 18 of the Decedent Estate Law does not apply for the reason that the codicils executed after the effective date of the statute did not re-execute the will. In *Osburn* v. *Rochester Trust & Safe Deposit Co.* (209 N. Y. 54, 56) it was held that while a will and existing codicil are to be regarded as a single and entire instrument for the purpose of determining testamentary intention and disposition, the destruction and revocation of a codicil to the will does not necessarily or ordinarily operate as a revocation of the will. It may be conceded that the will and the codicils are separate papers so that one may stand although the others fall, but when all are admitted to probate as the last will and testament of the testator the effect of the codicils is to republish the will and make it speak from the new date in so far as it is not altered or revoked by the codicil. (*Matter of Campbell*, 170 N. Y. 84, 87; *Matter of Brann*, 219 N. Y. 263, 268.) This principle is well established. In section 18 of the Decedent Estate Law the word " will " is used in that sense. The " will " here probated includes the codicils. The will was, there-

fore, re-executed as to the date of the latest codicil and the widow's right of election exists. The execution of a codicil is tantamount to the execution of a will. Such was the meaning of the Commission on Revision of the Law of Estates as appears by their explanatory notes.

Cases having to do with bequests to charity lawfully made by the terms of the will are cited from other jurisdictions. (*Carl's Appeal*, 106 Penn. St. 635; *Estate of McCauley*, 138 Cal. 432.) It stands within reason to say that such bequests are not invalidated by the mere execution of a codicil within the prohibited period before the testator's death. The policy of the law that such bequests should not be made near the end of a man's life would be defeated by such a ruling when the testamentary purpose is revealed as of long standing. Here, however, the purpose of the Legislature was the protection of the widow. After September 1, 1930, the absence of protection to the widow under prior laws gave way to the widow's right of election to take a specific part of the estate against the will. The inconsistency in our old law which compelled a man to support his wife during his lifetime and permitted him to cut her off with a dollar at his death, has given way to a new public policy which no longer permits a testator to dispose of his property as he pleases.

The new law provides against and prevents unjust provisions, cutting off the widow from her share of the estate, but it does not leave open the question whether the wife has offended her lord and master. It makes no rule for the individual case. Proper provision must be made for the widow where the statute is applicable. The right of election may not be available to her in certain cases of divorce and separation (Decedent Estate Law, § 18, pars. 3 and 5), but no exception takes care of this case.

The new policy is so well defined that we would be doing violence not only to the meaning of plain language but also to the legislative intent, if we said that the testator did not re-execute the will within the meaning of the statute when he executed the codicils. To so hold would permit a testator who had made a will prior to September 1, 1930, to make as many new wills after that date as he saw fit, preserving the original instrument only to enable him to make no provision for his widow.

The order should be affirmed, with costs.

CRANE, LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Order affirmed.