In the Matter of the Estate of HIRAM C. HARRISON, Deceased.

Surrogate's Court, Erie County, May 12, 1933.

*Charles B. Moulthrop*, for the executors, and for Alice V. Harrison, the surviving spouse, and for Olive W. Somerville, devisee.

*Adrain Block*, for Bertha N. Lefaiver.

HART, S. William T. Roberts and Herbert Henry, executors of the last will and testament of Hiram C. Harrison, late of the town of Grand Island, presented to this court a petition praying for the construction of paragraph ." second " of the last will and testament of said decedent, which said paragraph reads as follows:

" *Second.* I hereby give, devise and bequeath unto my wife, Alice V. Harrison, and unto my daughter, Olive W. Somerville,

and unto Mrs. Bertha N. Lefaiver, and their heirs forever, share and share alike (an undivided one-third part to each) all real estate and real property located in the Town of Grand Island, Erie County, New York, of which I may die seized or possessed. In the event that my said wife shall die before me, then the share which she would have in said real estate were she living, I give, devise and bequeath to my said daughter and her heirs forever. In the event that my said daughter shall die before me, then the share which she would have in said real estate were she living, I give, devise and bequeath to my said wife. In the event that said Bertha N. Lefaiver shall die before me, then the share which she would have in said real estate were she living, I give, devise and bequeath to my said daughter and her heirs forever."

A citation was issued on said petition to all the legatees and devisees to show cause why such construction should not be made, and duly served.

The decedent, Hiram C. Harrison, died in the town of Grand Island on the 15th day of November, 1931, leaving a last will and testament executed November 13, 1930, and died seized of real property acquired prior to August 31, 1930, and during coverture with said Alice V. Harrison, and left him surviving his widow, Alice V. Harrison, and a daughter, Olive W. Somerville, and his will was admitted to probate by this court on the 20th day of November, 1931, and letters testamentary issued to the petitioners in this proceeding.

Pursuant to section 190 of the Real Property Law the surviving spouse, Alice V. Harrison, on the death of said decedent became seized of a dower right in all of the real property owned by said decedent, and said will contains no provision that the provisions made for such surviving spouse are to be received and accepted by her in lieu of dower, nor are the provisions of said will inconsistent with the contention that the surviving spouse is entitled to a dower interest in said premises.

I am, therefore, of the opinion that the surviving spouse, Alice V. Harrison, is entitled to a dower interest in said premises, and that subject to such dower interest the said decedent devised his real property on Grand Island, one-third to said Alice V. Harrison, one-third to his daughter, Olive W. Somerville, and one-third to Bertha N. Lefaiver.

Alice V. Harrison, widow, is entitled to the usual exemptions out of decedent's personal estate.

A decree may enter accordingly.