In the Matter of the Estate of IDA HELEN MEYER, Deceased.

Surrogate's Court, Kings County, September 21, 1933.

*Frederick A. Keck*, referee.

*Walter Jeffreys Carlin*, special guardian.

*Gwinn & Pell*, for the petitioners.

*Morris Gottlieb*, for the general guardian.

WINGATE, S. The court cannot escape the impression that the effect of the present motion to compel the general guardian for the objecting parties to deposit security for costs is, in effect, a demurrer to the evidence introduced on the hearings before the referee, which hearings have not been concluded.

The application is made under section 282 of the Surrogate's Court Act which was first enacted by chapter 443 of the Laws of 1914 as section 2750 of the Code of Civil Procedure. The wording of the enactment has been continued unchanged since its original passage, and provides: " In any proceeding where an issue is raised by answer or objection by or on behalf of a non-resident of the State of New York against the proponent of a will, or an executor, administrator or trustee, or where the probate of a will has been tried before a jury which has disagreed, such proponent, executor, administrator or trustee shall be entitled in the discretion of the surrogate to have the person or persons raising such issue give security for costs."

This section has received little judicial attention, the only decision found by the court in which an adjudication is professedly based thereon being by the late Surrogate SCHULZ in *Matter of Schlemmer* (135 Misc. 296). This case involved a will contest and the court said (at p. 298): "All parties who have thus appeared are non-

residents of the State and security for costs may (Surr. Ct. Act, § 282) and in this case should be required."

To this case should possibly also be added *Matter of Gillender* (98 Misc. 509) and *Matter of Kopp* (102 id. 506), both decided by the late Surrogate FOWLER subsequent to the enactment of the section, but in neither of which was it mentioned. In both, security for costs was required. The former was a contested probate, the contest being filed by twenty non-resident contestants, the total gross fund being $1,250. The latter was an accounting objection made by a foreign State Comptroller who had filed a claim for an unpaid inheritance tax, but who was in default in the payment of a bill of costs awarded against him in a previous proceeding in the same case.

Obviously, by the terms of the enactment itself, the requirement of such deposit is within the discretion of the surrogate. In view of the paucity of construing determinations, it is the part of wisdom to inquire into the reasons which led to its original enactment in 1914 in which connection the report of the Commission at whose instance the enactment was effected is most pertinent. (*Matter of Greenberg*, 141 Misc. 874, 882; affd., 236 App. Div. 733; affd., 261 N. Y. 474; *Matter of Mihlman*, 140 Misc. 535, 536, 537.) The note of the Commission of Revision in this regard reads: " On account of giving the right of trial by jury it has been thought wise to require security for costs in cases of nonresidents, and in all cases of probate where the jury has once disagreed. While the latter provision may seem unjust, there should be some curb on ' strike ' contests, and the surrogate may be safely trusted not to require security if the contestant has a meritorious case." (Report of Surrogate Revision Comm. 1914, p. 281, § 2750.)

Since no constitutional right to a jury trial under section 68 existed in respect to a disputed accounting (*Matter of Stark*, 118 Misc. 240, 241), it is obvious that the intention of the revisers which may be imputed to the Legislature was to provide for such security primarily if not exclusively in probate proceedings. Indeed their comment on the purpose of the proposed enactment makes this entirely clear.

Whereas, therefore, the strict letter of the enactment might justify such a requirement in the case at bar, its spirit is in distinct opposition. In any event, it would appear to the court that to compel security in a case like the present, in which the executors have in their hands substantial sums beneficially accruing to the persons on whose behalf the objections have been interposed, would closely approach an abuse of the discretion reposed in it by the wording of the section. The motion is, therefore, denied.

Proceed accordingly.