In the Matter of the Estate of JACOB BACHMANN, Deceased.

Surrogate's Court, Kings County, June 5, 1934.

*Eugene Edward Fink*, for Jacob Bachmann.

*Robert E. Moffett*, for the widow.

*Gross & Keck*, for Paulina Datzel, daughter of deceased.

WINGATE, S. The question here presented concerns the right of a widow, married prior to September 1, 1930, to receive dower in real estate owned by her husband prior to that date, where his will, executed subsequently, gives her outright the share in his estate to which she would have been entitled had he died intestate, thus precluding any right of election on her part under the provisions of section 18 of the Decedent Estate Law.

The uncontroverted demonstration of the record is that testator died on December 6, 1933, survived by two children by his first marriage and by his third wife, his first and second wives having died and there having been no children of the second or third marriages. His estate consists of bank accounts totaling approximately $2,000 and a parcel of real property apparently worth

about $10,000 which the decedent inherited from his first wife, the mother of the surviving children.

The will in question was executed on September 1, 1933, and contains the following sole pertinent dispositive direction: "All the rest, residue and remainder of my estate, both real and personal, of every nature and description whatsoever and wheresoever situate, I give, devise and bequeath unto my beloved wife, Barbara Bachmann, and my son, Jacob Bachmann, and my daughter, Paulina Datzel, to be divided between them equally, share and share alike, to be theirs absolutely."

The widow asserts her right to dower in the realty in addition to her one-third interest in the estate under the will. The children dispute this right.

All parties are agreed that the terms of the will are not such as would have put the widow to an election between her dower rights and the testamentary benefits provided for her, prior to the going into effect of the sweeping amendments to the Decedent Estate Law on September 1, 1930, and such is clearly the fact. There is certainly here no " clear incompatibility, arising on the face of the will, between a claim of dower and a claim to the benefit given by the will." (*Konvalinka* v. *Schlegel*, 104 N. Y. 125, 129.) (See, also, *Matter of Gorden*, 172 id. 25, 28; *Matter of Fairchild*, 138 Misc. 363, 365; *Matter of Fitter*, 92 id. 706, 708.)

It is contended on behalf of the children, however, that the Legislature, by the changes in the Decedent Estate Law which became effective on September 1, 1930, in effect abolished the right of dower, or at least altered the presumption in its favor which had previously existed. That it possessed the power to make such alteration in the rights of a wife in so far as the right of dower was inchoate seems incontrovertible. As was pointed out by the Supreme Court of the United States in *Randall* v. *Kreiger* (23 Wall. 137, at p. 148): " During the life of the husband the right is a mere expectancy or possibility. In that condition of things, the lawmaking power may deal with it as may be deemed proper. It is not a natural right. It is wholly given by law, and the power that gave it may increase, diminish, or otherwise alter it, or wholly take it away. It is upon the same footing with the expectancy of heirs, apparent or presumptive before the death of the ancestor." (See, also, *Scaife* v. *McKee*, 298 Penn. St. 33, 38; appeal dismissed, 281 U. S. 771; *Moore* v. *Mayor, etc., of City of N. Y.*, 8 N. Y. 110, 113; *Rumsey* v. *Sullivan*, 166 App. Div. 246, 247; *Jackson* v. *Edwards*, 22 Wend. 498, 519; *Boyd* v. *Harrison*, 36 Ala. 533; *Hamblin* v. *Marchant*, 103 Kan. 508; *Noel* v. *Ewing*, 9 Ind. 37; *Magee* v. *Young*, 40 Miss. 164; *Chouteau* v. *Missouri P. R. Co.,*

122 Mo. 375; *Thornburg* v. *Thornburg*, 18 W. Va. 522; *Wooton* v. *Keaton*, 168 Ark. 981; *Ruby* v. *Ruby*, [W. Va.] 163 S. E. 717; *Starr* v. *Pease*, 8 Conn. 541; *McNeer* v. *McNeer*, 142 Ill. 388; *Barbour* v. *Barbour*, 46 Me. 9; *Ligare* v. *Semple*, 32 Mich. 438.)

The sole question of importance, therefore, is whether or not the Legislature in the enactments by chapter 229 of the Laws of 1929, which took effect September 1, 1930, did actually abolish this previously existing right. In view of " the well-settled principle that an intention of making an innovation in a long-established rule is not imputed to the Legislature in the absence of a clear manifestation of such intention " (*People ex rel. Desiderio* v. *Connolly*, 212 App. Div. 102, 105), the burden of proof is imposed upon those asserting that the right of dower has been abolished to demonstrate where and how this was accomplished.

Save for an interesting historical review of the various aspects which dower has assumed through the centuries, the sole reliance of those objecting to the right is based on the altered wording of section 82 of the Decedent Estate Law. This enactment, however, by its express terms is limited to cases in which the surviving spouse seeks to enforce her newly-expanded intestate rights. In the case at bar she does not do so, and seeks merely the property devised and bequeathed to her plus the right to a life interest in one-third of the realty which has been the statutory portion of widows since time immemorial.

Section 82 does not expressly purport to revoke this time-honored right except under circumstances therein expressly specified, which do not here exist, and repeals of existing laws by implication are not favored unless the old and new laws are in such conflict that both cannot be given effect. (*People* v. *Dwyer*, 215 N. Y. 46, 51; *Peterson* v. *Martino*, 210 id. 412, 418.)

Since the right of dower of this widow was, at the time of her marriage, expressly granted by section 190 of the Real Property Law, it is most fitting that reference should be made thereto to determine the intent of the Legislature in the general statutory revision of 1929, in respect to this right. This section was then amended to read: " *When the parties intermarried prior to the first day of September, nineteen hundred and thirty,* a widow shall be endowed of the third part of all lands whereof her husband was *prior to the first day of September, nineteen hundred and thirty,* seized of an estate of inheritance, at any time during the marriage. *Except as hereinbefore provided, after the thirty-first day of August, nineteen hundred and thirty, no inchoate right of dower shall be possessed by a wife during coverture and no widow shall be endowed, in any lands whereof her husband became seized of an estate of inheritance.*"

The italicized portions in the foregoing were added in 1929; the remainder represents the precise wording of the statute as it existed at the time the decedent and the widow intermarried.

It would be difficult to imagine how the Legislature could more clearly have evinced its intention of leaving undisturbed the dower rights of a widow married prior to September 1, 1930, in real estate of which her husband was seized prior to that date.

The whole purpose of the amendments to the laws was to give a surviving spouse more, and not less, than that to which she had previously been entitled. It cannot be argued from the fact that in other portions of the law a surviving spouse was given the right to claim a larger portion from a decedent's estate than before, that it was the intention of the Legislature that one who did not invoke these additional rights should be in a worse position.

The testator, had he so desired, might have put the widow to an election in respect to her dower by the addition of the half dozen words immemorially employed for the purpose. He failed to do this, wherefore it must be determined that the dower right persisted with all its implications, precisely as if the new legislation had not been enacted. This is the result also attained by that distinguished jurist, Surrogate HART of Erie county, in *Matter of Harrison* (147 Misc. 587).

Proceed accordingly.