In the Matter of the Estate of FRANK PELCYGER, Deceased.

Surrogate's Court, Kings County, July 31, 1939.

*Weinstein & Levinson*, for Harry Pelcyger, Milton Pelcyger, Bella Kallman and Helen Pelcyger Parnes, as executors, etc., respondents, for the motion.

*Breitbart & Breitbart*, for Rosalin Oppenhein, also known as Rosalia Oppenhein, petitioner, opposed.

WINGATE, S. Prior to its amendment by chapter 146 of the Laws of 1938, section 282 of the Surrogate's Court Act contemplated a discretionary requirement of security for costs only from a respondent and primarily, if not exclusively, in a probate proceeding. (*Matter of Meyer*, 148 Misc. 901, 902.)

The 1938 amendment added the words " Security for costs may be required from any non-resident who is a petitioner in any proceeding, provided the surrogate finds specifically that such security is necessary for the protection of the estate."

This amendment was enacted on the suggestion of the executive committee of the New York State Surrogates' Association. At the time the bill was introduced and passed there was appended thereto a note, explanatory of its purpose, which is to be read in conjunction with the text of the enactment in an interpretation of its scope and effect. (*Matter of Greenberg*, 141 Misc. 874, 882; affd., 236 App. Div. 733; affd., 261 N. Y. 474, and authorities cited.)

This note, after a recital of the existing law in substantial conformity with the statement in the first paragraph above, read: " The Executive Committee believes that the Surrogate should

have the power in special circumstances to require security for costs from non-resident petitioners * * *. Under existing law a non-resident petitioner may bring a wholly baseless proceeding and may thereby subject an estate to large expense without being required to give security to assure reimbursement therefor to the estate. * * * The proposed text is so limited as to assure that petitioners with apparently meritorious causes will not be barred by the exaction of security. At the same time estates can be protected from loss in resisting what appear to be ' strike ' demands."

The purpose of the amendment was to authorize a surrogate, in his discretion to require security from a non-resident petitioner, if the demonstration of the record is such as to warrant a specific affirmative finding that security is necessary for the protection of the estate. As clarified by the note, the exercise of such discretionary authority should ordinarily be predicated on a conclusion that the proceeding in question, if not "wholly baseless," is not one which is " apparently meritorious," but appears to be a " strike " demand, which will be likely to subject the " estate to large expense."

The question thereupon arises as to whether the present proceeding corresponds with this description. It is one for a compulsory accounting against executors whose letters were issued in September, 1938, in other words, well over seven months ago. The petitioner is the alleged widow of the deceased. The sole present issue concerns her status as such.

The facts, in so far as they have been disclosed by the record, fail to convince the court that the position of the widow is wholly baseless and lacking in apparent merit. Furthermore, if her opponents would discontinue their efforts to prevent her from obtaining an adjudication of her status on the merits, the expense necessarily involved in determining the issue would be comparatively insignificant.

On this demonstration the court is unconvinced that a requirement of security would constitute a proper exercise of its discretionary authority, and the motion therefor will be denied, with costs.

Enter order on notice in conformity herewith.