In the Matter of the Probate of the Will of MARY E. BRAY, Deceased.

Surrogate's Court, Franklin County, May 6, 1941.

*Ralph Hastings* and *George J. Moore* for executor, petitioner.

*Harold W. Main* for Lucy Fitzgerald, objectant.

CAREY, S. This is an application by the petitioner in proceedings to probate a will to compel the objectors to give to the

estate security for costs pursuant to the provisions of section 282 of the Surrogate's Court Act, which reads as follows: " § 282. *Security for costs.* In any proceeding where an issue is raised by answer or objection by or on behalf of a non-resident of the state of New York against the proponent of a will, or an executor, administrator or trustee, or where the probate of a will has been tried before a jury which has disagreed, such proponent, executor, administrator or trustee shall be entitled in the discretion of the surrogate to have the person or persons raising such issue give security for costs."

A reading of the statute makes it evident that it is discretionary with the Surrogate to require such security. In the cases reported under this section where security was required, there were in two instances peculiar circumstances which made the requirement of costs in the interest of justice, such as in *Matter of Kopp* (102 Misc. 506), where the objector was in default on a previous bill of costs taxed against him; and in *Matter of Gillender* (98 Misc. 509), where the estate was of the value of $1,250, and there were twenty nonresident contestants — all second cousins. In the third case, *Matter of Schlemmer* (135 Misc. 296), from the opinion the circumstances do not appear, but there the Surrogate said: " All parties who have thus appeared are non-residents of the State and security for costs may (Surr. Ct. Act, § 282) and in this case should be required ", thus recognizing the discretionary power.

The note of the revisers in the bill relative to the predecessor of this section (Code Civ. Pro., § 2750, as added by L. 1914, ch. 443) reads as follows: " On account of giving the right of trial by jury it has been thought wise to require security for costs in cases of nonresidents and in all cases of probate where the jury has once disagreed. While the latter provision may seem unjust, there should be some curb on ' strike ' contests, and the surrogate may be safely trusted not to require security if the contestant has a meritorious case."

Here the objector has established her position, by a finding of this court, as the sole natural child of the decedent and thus her sole heir at law. This seems to be the type of case of which the revision commission was mindful, and one where the Surrogate's discretion could safely dispense with the requirement of security. (See *Matter of Meyer*, 148 Misc. 901.)

Accordingly, the motion for security is denied.