In the Matter of the Probate of the Will of MINNIE E. KOELSCH, Deceased.

Surrogate's Court, Orange County, November 10, 1943.

*Charles W. U. Sneed* for Clare J. Hoyt, as executor of Minnie E. Koelsch, deceased, petitioner.

*Irving B. Lydecker* for Margaret D. Schwinn, contestant.

TAYLOR, S. The executor moves for an order requiring the contestant to provide security for costs under section 282 of the Surrogate's Court Act. The petition alleges and it is conceded that the contestant is a nonresident.

There are very few reported cases discussing the question here presented. Those cited by the objectant cannot really be considered to be precedents. *Matter of Cusimano* (173 Misc. 382) may be dismissed from consideration, for the defect in the statute which prompted the Surrogate to deny the motion has since been remedied by the 1941 amendment to section 282 of the Surrogate's Court Act (L. 1941, ch. 321). In the *Pelcyger* case (171 Misc. 1016), the accounting period had expired and the sole issue concerned the status of the petitioner,

the alleged widow of the deceased, a question which the fiduciary, as well as the widow, ought to have been anxious to have determined.

*Matter of Meyer* (148 Misc. 901) is likewise distinguishable, for there the executors had in their hands substantial sums beneficially accruing to the persons on whose behalf the objections had been interposed, and, therefore, needed no protection.

The main, if not the only, answer to this petition is the fact that the objectant is the only living distributee of the decedent and the contestant cites *Matter of Bray* (182 Misc. 623) in support of her contention that this ought to be the controlling feature. Giving full weight to the *Bray* decision, no further facts appearing in the opinion itself, it should be noted that in the *Bray* case the contestant was the decedent's only child, while here the contestant is a maternal aunt, now seventy-two years of age. The opposing affidavit contains no facts whatever which would even indicate a basis for the will contest.

Imposition of costs in surrogate's courts against unsuccessful will contestants does not follow as matter of course, but the Surrogate may in his discretion award costs against such an unsuccessful contestant if, in his opinion, the contest was in bad faith. (*Matter of Rogers*, 127 Misc. 428, affd. 220 App. Div. 834; *Matter of Wolke*, 155 Misc. 235; *Matter of O'Dowd*, 163 Misc. 605; *Matter of Wizelholc*, 176 Misc. 100.)

In the *Pelcyger* case (171 Misc. 1016, *supra*), relied upon by the contestant, there is this pertinent statement in the opinion: " The facts, in so far as they have been disclosed by the record, fail to convince the court that the position of the widow is wholly baseless and lacking in apparent merit." Here, as already stated, the opposing papers set forth no facts whatsoever upon which to base a contest.

The opposing papers setting forth merely the contestant's age, her meager income and the difficult circumstance under which she must eke out an existence, especially for one of her years, and the fact that she performed many kindnesses for the decedent when a young child, appeal to one's sympathies, but fall far short of the legal requirements of proof necessary to reject a will. It may be there are other facts, but the Surrogate must make his decision upon the facts presented to him.

The motion to require the contestant to furnish security for costs is granted and order therefor may be presented.