Maximilian Moss, S.
Upon the accounting in this estate the court is required to construe the will and to determine whether or not the election of the widow to take her dower in the real property effected an acceleration of the trust created under paragraph “ Third ” of the will.
Testator died on January 9, 1952 survived by his widow and one daughter, the only issue of their marriage. Testator’s will dated May 14, 1926, executed shortly after his marriage, was duly admitted to probate by this court on June 26, 1952. By paragraph *1 Third ’ ’ of his will testator left all his property in trust with a proviso that the income was to be paid to his wife during her life and upon her death the corpus and any *784 accumulated income were to be paid to his children in equal shares. Other testamentary provisions for gifts over were to apply only in the event testator died leaving no issue him surviving. Testator’s widow duly served a notice renouncing the testamentary provisions contained in the will, and in lieu thereof elected to take her dower in the real property which testator acquired in 1927 during their marriage.
Inasmuch as the testator acquired title to the real property during coverture, his widow has a right of dower therein unless the will, expressly or by implication, caused the testamentary provisions to be in lieu thereof (Real Property Law, § 190; Horstmann v. Flege, 172 N. Y. 381; Konvalinka v. Schlegel, 104 N. Y. 125).
Under certain circumstances where the will confers upon the trustee broad powers of sale, leasing, mortgaging, etc., the courts have implied such a trust to be in lieu of the widow’s right of dower upon the ground that the testator did not intend to have the trustee limited or impaired by an inability to convey good title (Matter of Gorden, 172 N. Y. 25; Asche v. Asche, 113 N. Y. 232, 235; Le Fevre v. Toole, 84 N. Y. 95). However here there is nothing in the will from which the court might imply that testator intended the trust to be in lieu of dower (Matter of Battell, 286 N. Y. 97; Matter of Durand, 250 N. Y. 45; Matter of Bisconti, 306 N. Y. 442).
The law favors the outright payment of dower (Matter of Gargiulo, 138 Misc. 90, 99; Matter of Sealey, 113 N. Y. S. 2nd 42). An examination of the language used by the testator in his will, discloses an intent to vest his trustee with the limited power to manage the real property for the benefit of the widow during her lifetime. Limitations of such a nature are not in conflict with the widow’s right to take her dower (Weeks v. Guerin, 121 Misc. 131; Matter of Uzmann, 143 Misc. 654, 656; Matter of Harrison, 147 Misc. 587; Matter of Bachmann, 151 Misc. 761, 762, 764).
With respect to the question of the acceleration of the remainder, the widow’s rejection of the bequest, provided for her under the will, was tantamount to the termination of the life estate (Albany Hosp. v. Albany Guardian Soc., 214 N. Y. 435, 444).
The court determines that the widow is entitled to have her dower admeasured as of the date of testator’s death and that testator’s daughter was vested with the remainder as of the date of testator’s death (Matter of Watson, 262 N. Y. 284; Matter of Bolton, 257 App. Div. 760, affd. 282 N. Y. 728; Matter of Montgomery, 258 App. Div. 64, affd. 282 N. Y. 713; Matter of *785 Schaefer, 160 Misc. 43; Matter of Evans, 165 Misc. 752, affd. 258 App. Div. 1037, affd. 284 N. Y. 571). Upon payment of the widow’s dower the remainder is accelerated and is payable to testator’s daughter (Matter of Levy, 171 Misc. 431, 440; Matter of Graham, 145 Misc. 628; Matter of Curley, 245 App. Div. 255, affd. 269 N. Y. 548).
Settle decree on notice.