Joseph A. Cox, S.
The instruments propounded as the last will and testament of the decedent consist of a purported will and purported codicils thereto. The purported will contains the following provision: “In making this my Last Will and Testament, I am not unmindful of the fact that my deceased brother, Edward, left him surviving a daughter, Mary. My failure to make any provision for my said niece is deliberate.” A purported codicil provides: “ Having given further consideration to the subject matter of article ninth of my said Will, I now give and bequeath to my niece therein referred to, mbs. mabt dewhebst of Weston, Ontario, Canada, if she shall survive me, my £3:10s % War Stock in the principal amount of £3,900. now held in custody for my account by Westminster Bank Limited (Clapham Branch) London, England.” Citation in the probate proceeding was issued to Mary Dewherst and service was made upon her by publication. She thereafter appeared in the proceeding and filed objections to probate.
The instant motion is made for an order requiring this object-ant to prove her status as a distributee and to require her to give security for costs as a nonresident. At a hearing had upon the question of status the objectant testified as to the family of the decedent and that she is the only child of decedent’s brother Edward. This testimony coincides with pedigree statements made by the decedent to his attorneys in connection with the preparation of testamentary instruments and the testimony of the witness is corroborated to an extent by documents received in evidence.
In Matter of Schultz (180 Misc. 1023, affd. 268 App. Div. 966) this court was considering a motion to strike appearances in a probate proceeding and it then was said (p. 1025): “The proponent should be prepared to meet any challenge to the instrument under which he claims the goods of deceased. He can in no event succeed in the probate of the paper propounded by him until he has offered proof sufficient to satisfy the court of ‘ the genuineness of the will, and the validity of its execution ’ (Surrogate’s Ct. Act, § 144). The court 1 must inquire particularly into all the facts and circumstances ’ (§ 144) attending *140 the preparation and execution of the propounded instrument. It should have the willing acquiescence of the proponent in an inquiry which will search the whole transaction. Whether proponent so assents or not the court holds that the parties now before the court are each and every of them entitled to participate in the inquiry commanded by the statute cited.”
A like position was taken in Matter of Momand (N. Y. L. J., Dec. 15,1955, p. 8, col. 1, affd. 1 A D 2d 823, affd. 2 N Y 2d 752).
Upon the record herein the objectant has established a status as a distributee of the decedent and, as such, a person in a position to object to the probate. In view of this status and the further fact that the objectant is a legatee under a propounded codicil, the motion to require security for costs is denied (Matter of Bray, 182 Misc. 623). The motions made during the hearing to strike respondent’s Exhibits 3 and 16 are granted. Submit order on notice.