FRANCIS H. KITTLE, RESPONDENT, *v.* ISRAEL HUNTLEY, APPELLANT.

*Executors and administrators — liability for burial expenses — the wholesale price of an article of merchandise not evidence as to its retail value.*

An executor or administrator is liable for the suitable and reasonable burial expenses of his decedent if he has assets sufficient for the purpose; and if, by reason of absence or neglect, the executor or administrator fails to furnish a suitable and reasonable burial in the first instance, he is liable to the person who incurs the expenses therefor, so far as he has assets of the deceased in his hands.

Where an article of merchandise has a market-value, as fixed by the trade, as between a retailer and his customers, evidence as to the cost price between the manufacturer or wholesale dealer and the retailer is not competent on the question of retail value, that value must be measured by the retail market-price as regulated by competition and the law of supply and demand.

APPEAL by the defendant, Israel Huntley, from a judgment of the Supreme Court, in favor of the plaintiff, entered in the office of the clerk of Rensselaer county on the 13th day of May, 1892, on the report of a referee.

*Robert H. McClellan*, for the appellant.

*William H. Hollister*, for the respondent.

MAYHAM, P. J.:

The complaint in this action alleges, in substance, that the plaintiff is an undertaker and, as such, took charge of and superintended the burial of Roxanna Duel, deceased, and performed the work and furnished necessary materials, and paid, laid out and expended moneys necessary for and connected with such burial services, all of which were worth the sum of $127.

The complaint alleges also that the deceased left a last will and testament, wherein she named the defendant as sole executor, and that such will was duly proved, and the defendant was duly appointed as

executor thereof, and duly qualified as such, and entered upon the discharge of his duties as executor, and that, as such, he received personal assets belonging to the estate of the deceased of the value of $700, and that the plaintiff, before the commencement of this action, demanded of the defendant, as executor, the payment of his claim for such burial service while the defendant held such funds as executor, and payment was refused or neglected.

The answer admits the allegations of the complaint as above, in substance, set forth, but alleges that the plaintiff acted at the instance and by the employment of one Sarah Vallee, and alleges that the burial expenses were extravagant and too expensive, considering the circumstances of the deceased.

The only real questions presented by this appeal are : First Whether the defendant is liable, under the circumstances of this case, for the funeral expenses of the testator ? Second. Whether the amount allowed by the referee was sustained by legal evidence ? Third. Whether, on the trial, the referee committed errors which prejudiced the legal rights of the defendant ?

The law seems well settled that an executor or administrator of a deceased person is liable for the suitable and reasonable burial expenses of the testator or intestate, if he have assets sufficient for that purpose, and if such personal representative, by reason of absence or neglect, fail to furnish such burial in the first instance, he is liable to the one who incurs such expenses, so far as he has assets of the deceased in his hands. (*Patterson* v. *Patterson*, 59 N. Y., 583, 584, and the cases there cited.)

We think all the essential facts to fix the liability upon the defendant for the payment of reasonable and suitable burial expenses in this case is conceded and admitted by the pleadings, unless it can be claimed that Mrs Vallee incurred the expense and was charged by the plaintiff with it.

This the referee refused to find, and we think his determination upon that point fully sustained by the evidence and correct. We are also of the opinion that the finding of the referee as to the amount which the plaintiff should be allowed is fully sustained by the evidence in this case, and the burial expenses were not unreasonable in amount in view of the estate left by the deceased, and her station in life, as appears by the evidence.

The remaining question is whether the referee committed any error in receiving, retaining or rejecting evidence under the objection, motion or offer of the defendant for which this judgment should be reversed.

It is insisted by the learned counsel for the appellant that it was competent for him to inquire into the price of casket as between the manufacturer or wholesale dealer, and the undertaker or retail dealer, and that the witnesses should have been compelled to answer that inquiry, or their testimony given on the part of the plaintiff stricken out.

We are not prepared to subscribe to that doctrine, as applied to this case where the article of merchandise, as in this case, has a market-value, as fixed by the trade, as between the undertaker and his customers. The cost-price between the manufacturer and the undertaker would not in such a case furnish a correct criterion as to the price between the undertaker and his customers, and an inquiry into it would lead to unsafe and unprofitable speculation on the part of the court or jury as to the rate of profit which should be charged by the undertaker, and would not be evidence of the market-value between the last-named parties; that value must be measured by the market-price between the undertaker and his customers as regulated by competition, and the law of demand and supply.

While a wide range of inquiry should be allowed on the cross-examination of a witness as to the value of property when its value is in dispute, we think it should be confined to the market-value which is actually the subject of inquiry between the parties when sold at retail, and not the price as between the wholesale dealer and the retail dealer as was sought to be proved in this case.

But if there be doubt as to the correctness of this rule we think that there was sufficient evidence of an unobjectionable character to sustain the finding of the referee as to the value of the materials and services furnished and rendered to uphold the report and judgment, and that no error was committed by the referee for which this judgment should be reversed.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.