In the Matter of the Estate of JOHN MATYASZ, Also Known as JOHN MATPASZ, Deceased.

Surrogate's Court, Kings County, May 4, 1934.

*George Goodstein,* for the petitioner.

WINGATE, S.   This is an application by a partially unpaid under-taker against an administratrix for the summary payment of the

balance of the funeral bill. The respondent has defaulted in appearance and answer, wherefore the determination of the present rights of the petitioner must depend upon the allegations of his petition viewed in the light of the pertinent general principles of law and the applicable statute, which is section 216 of the Surrogate's Court Act.

The petition sets forth the residence of the decedent in Kings county, the grant of letters of administration to respondent on January 31, 1934, and that she is still acting thereunder. It is then alleged that the petitioner has a claim amounting to $301 for the balance of the funeral bill, which is itemized, $200 having been paid on account. It then states that more than sixty days have elapsed since the grant of letters and proceeds: " That your petitioner has been informed and believes that the said administratrix has received monies belonging to the estate which are applicable and sufficient to pay the claim for funeral expenses." In conclusion, it is alleged that the administratrix is the only person interested in the proceeding.

A supplementing affidavit is submitted which reads: " That * * * the administratrix * * * has received monies belonging to the estate herein which are applicable to the payment of petitioner's claim for funeral expenses. That the deponent knows of his own knowledge that the administratrix has an account in the Greenpoint Savings Bank * * * in her name as administratrix of the above-mentioned estate."

The foregoing is all of the potentially probative matter which is now before the court, and the question presented is whether it can suffice as the basis for the allowance of the relief prayed, which is that " a decree may be granted directing the payment * * * of the balance of such funeral expenses."

The sole authority for this application for summary payment is section 216 of the Surrogate's Court Act, and in view of the frequency with which applications of the present type are made, and the apparent general misunderstanding respecting the effect of certain of its provisions, it may be of some general utility to attempt its analysis and construction.

On primary principles a study of its historical development should be of value in this connection. (*Matter of Frasch*, 245 N. Y. 174, 180; *Matter of Hamlin*, 226 id. 407, 414; *Matter of City of New York* [*Tibbett Ave.*], 221 id. 127, 131; *Woollcott* v. *Shubert*, 217 id. 212, 221; *Matter of Greenberg*, 141 Misc. 874, 881; affd., 236 App. Div. 733; affd., 261 N. Y. 474.)

The genesis of this section appears in chapter 293 of the Laws of 1901. Prior to that enactment, no similar legislation had ever

been in existence in this State. The only previous statute with which the court is familiar which referred to a payment of funeral expenses by an estate fiduciary was section 54 of title 3 of chapter 6 of part II of the Revised Statutes, enacted in 1828, which inferentially placed them on the same basis as any other estate charge.

The statute as originally enacted in 1901 has been made the subject of only two material alterations, the first by chapter 443 of the Laws of 1914, and the second by chapter 439 of the Laws of 1933.

As presently existing, section 216 is composed of nine sentences, only the first, the sixth and the last being now in form identical with the original enactment in 1901. The second, third, seventh and eighth, while altered in phraseology in 1914, preserve the substantial thoughts of the similar 1901 clauses. The fourth was added in 1914, and the fifth in 1933. In the last named year two changes were also made in the fifth and seventh sentences, which argue a legislative intent for some liberalization in the then existing law.

With these preliminary observations, the language of the section will be considered, phraseology originally inserted and subsequently omitted being placed in parentheses and changes being shown in italics.

Sentence No. 1. " Every executor or administrator shall pay, out of the first moneys received, the reasonable funeral expenses of decedent and the same shall be preferred to all debts and claims against the deceased." (Enacted by Laws of 1901, chap. 293, and continued without change to the present day.)

Sentence No. 2. " If the same be not paid within sixty days after the grant of letters testamentary or of administration, the person having a claim for such funeral expenses may present to the surrogate's court a (duly verified) petition praying that the executor or administrator may be cited to show cause why he should not be required to make such payment (and a citation shall be issued accordingly)." (Enacted by Laws of 1901, chap. 293, with phrases in parentheses included. These were omitted on re-enactment by chapter 443 of the Laws of 1914. No further changes have been made.)

Sentence No. 3. " If upon the return of (such) *the* citation it shall appear that the executor or administrator has received moneys belonging to the estate which are applicable to the payment of the claims for funeral expenses, (the surrogate shall, unless the validity of the claim and the reasonableness of its amount are admitted by such executor or administrator, take proof as to such facts, and if

satisfied that such claim is valid fix and determine the amount due thereon and shall make an order directing the payment within ten days after the service of such order with notice of entry thereof, upon such executor or administrator of such claim or such proportion thereof as the money in the hands of the executor or administrator applicable thereto, may be sufficient to satisfy) *and that the executor or administrator admits the validity of the claim or claims and the reasonableness of the amount thereof, the surrogate shall make a decree directing the payment of the same, or of such part thereof as he may specify, within ten days thereafter.*" (The text originally enacted in 1901 embraced the first clause and the portions in parentheses. The latter were eliminated in 1914 and the italicized portions added. The only subsequent change, which occurred in 1933, was the substitution of " a decree " for " an order.")

Sentence No. 4. " If the executor or administrator files an answer setting forth the facts, and therein disputes the validity of the claim or claims, or the reasonableness of the amounts thereof, the surrogate (shall) *may* direct that the claim or claims so disputed be heard upon the judicial settlement of the accounts of such executor or administrator." (Inserted in 1914; the only subsequent change, made in 1933, was to substitute the italicized " may " for the parenthesized " shall.")

Sentence No. 5. " If it shall appear, however, to the satisfaction of the surrogate, that there are sufficient moneys in the hands of the executor or administrator to pay the administration expenses and the reasonable funeral expenses, the surrogate shall hear the claim for funeral expenses, fix and determine the reasonable value thereof, and make a decree directing payment of the same, or of such part thereof as he may specify, within ten days thereafter." (Inserted in 1933.)

Sentence No. 6. " If it shall appear that no money has come into the hands of the executor or administrator the proceeding shall be dismissed without costs and without prejudice to a further application or applications showing that since such dismissal the executor or administrator has received money belonging to the estate." (Enacted in 1901 and not changed subsequently.)

Sentence No. 7. "(Such application shall be made upon a duly verified) *At any time after three months from the date of the former order* NO ANSWER WAS FILED DISPUTING SUCH CLAIM *a further application may be made by* petition stating the facts upon which the belief of the petitioner that there are moneys in the hands of such executor or administrator applicable to the payment of his claim, is based." (As enacted in 1901, this sentence consisted of the wording in parenthesis plus the wording not capitalized

or italicized. In 1914 the words in parenthesis were omitted and the capitalized and italicized words inserted. In 1933 the capitalized words were omitted and the word " order " changed to " decree.")

Sentence No. 8. " Upon such further application the issuance of the citation shall be in the discretion of the surrogate(, and no such application shall be made less than three months after the granting or denial of any previous application.") (The 1901 enactment consisted of all of the foregoing. The parenthesized portion was omitted in 1914.)

Sentence No. 9. " If upon any accounting it shall appear that an executor or administrator has failed to pay a claim for funeral expenses, amount of which has been fixed and determined by the surrogate, as above set forth, or upon such accounting, he shall not be allowed for the payment of any debt or claim against the decedent until said claim has been discharged in full; but such claim shall not be paid before the expenses of administration are paid." (Enacted in 1901; and not subsequently altered.)

From an analysis of these enactments, the following propositions of law are deducible:

A. Funeral expenses of decedent to a *reasonable* amount are preferred over claims which originated during the decedent's lifetime (Sentence 1) but are not preferred over administration expenses (Sentence 9).

B. The estate fiduciary shall pay *reasonable* funeral expenses out of the first moneys received (Sentence 1) but shall not pay them in preference to administration expenses (Sentence 9).

C. If such reasonable funeral expenses have been fixed and determined, the estate fiduciary shall receive no credit on his accounting for any debt payment until the amount of the funeral expense, thus fixed, has been paid (Sentence 9).

D. If a claimant for funeral expenses has not been paid for sixty days after the grant of letters, he may cite the estate fiduciary to show cause why such payment should not be made (Sentence 2).

The proceedings which are to take place upon the return of the citation and the conditions for relief have varied during the three periods of the existence of any statute on the subject. The law existing between 1901 and 1914 appears to have been substantially on a par in liberality to the claimant with that existing today. During the former period the only condition precedent to the action of the surrogate in fixing, determining and directing payment of the claim, was a demonstration " that the executor or administrator has received moneys belonging to the estate which are *applicable* to the payment of the claims for funeral expenses " (Sentence 3). At the present time this action is enjoined " if it shall appear

\* \* \* to the satisfaction of the surrogate, that there are sufficient moneys in the hands of the fiduciary *to pay the administration expenses and the reasonable funeral expenses* " (Sentence 5). Since under the terms of the statute as at all times existing, the funeral expenses are not entitled to priority in payment over administration expenses, it is obvious that no moneys would be " applicable " for funeral expenses unless there was sufficient to pay both, whereupon the two enactments appear identical in this respect.

Between 1914 and 1933, the situation of the claimant was much less favorable than during the prior or subsequent periods, since during this time it was not only obligatory upon him to show the condition precedent of " applicable " funds of the estate, but also to demonstrate an admission by the fiduciary of the validity and reasonableness of the claim (Sentence 3).

During this period also, it was provided (Sentence 4) that if the fiduciary interposed an answer traversing the validity or the reasonableness of the claim, the surrogate " shall " direct its hearing upon the accounting of the fiduciary. The 1933 amendment has softened this, by changing the " shall " to " may," thereby making such action discretionary with the court.

It follows, therefore, at the present time,

E. If no answer denying the validity or reasonableness of the claim is interposed and it is demonstrated " to the satisfaction of the surrogate " that there are sufficient estate moneys in the hands of the fiduciary to satisfy both the administration and funeral expenses, it is his duty to proceed to a hearing on the question of the validity and reasonableness of the claim and make a decree accordingly (Sentence 5 plus 4).

F. Even if such an answer is interposed, the surrogate may, in his discretion, proceed with a similar hearing if satisfied that there are sufficient moneys in hand to satisfy both obligations (Sentence 4).

G. If such preliminary satisfactory demonstration of available funds is made, a judicial hearing must follow for the purpose of determining the " reasonable " value of the funeral expenses and the validity of the claim therefor (Sentence 5).

H. In the event that the demonstration respecting the presence of available funds does not warrant relief, the proceeding is to be dismissed without costs and without prejudice to a further application showing that since the dismissal, the fiduciary " has received money belonging to the estate " (Sentence 6).

I. Such further application cannot be brought until after the expiration of three months from such dismissal and must state the facts upon which the belief of the petitioner that moneys " applicable to the payment of his claim, is based " (Sentence 7).

J. The issuance of a citation on such further application is discretionary with the surrogate (Sentence 8).

It is a primary principle of pleading that allegations must be of facts and not merely of conclusions of the pleader, whether they be of law or fact (See *Matter of Mullins*, 143 Misc. 256, 262 *et seq.*), and this is especially true in allegations which are required to demonstrate the jurisdiction of the court to pass upon a particular question. (*Holland* v. *Grote*, 193 N. Y. 262, 270; *Schiffer* v. *Freygang*, 125 App. Div. 498; affd., 199 N. Y. 568; *Wenk* v. *City of N. Y.*, 82 App. Div. 584, 588; *Levan* v. *American Safety Table Co., Inc.* 222 id. 110, 114; *Sewall* v. *Fitz Gibbon*, 225 id. 608; *Keon* v. *Saxton & Co.*, 227 id. 733, 734; *New Amsterdam Casualty Co.* v. *Nat. U. F. Ins. Co.*, 236 id. 494, 496.) This prerequisite to relief is especially emphasized in the second requirement for a valid petition in this court specified in section 51 of the Surrogate's Court Act. It is there provided that a petition " must substantially set forth * * * the *facts* upon which the jurisdiction of the court depends to entertain the application and grant the relief asked for."

Section 216 of the Surrogate's Court Act grants a right which was unknown to the law prior to 1901 and, in so far as here sought to be applied, was again eliminated between 1914 and 1933. The jurisdiction of the court upon the exercise of this right is expressly limited by the terms of the statute to a situation where " it shall appear, * * * to the satisfaction of the surrogate, that there are sufficient moneys in the hands of the executor or administrator to pay the administration expenses and the reasonable funeral expenses." In the absence of such a demonstration *to the satisfaction of the surrogate*, he is given no power to proceed with the hearing of the claim. In view of the express condition precedent thus imposed by the Legislature upon his jurisdiction in this matter, it is, in the absence of compliance with the requirement, unnecessary even to refer to the innumerable cases determining that a summary remedy in alteration of common-law practice should receive a strict construction.

To say that the conclusory allegations of mixed law and fact, which alone have been presented by this petitioner, establish the prerequisite facts to the satisfaction of this court, would be to state an untruth. In its opinion they are wholly insufficient to justify it in entertaining jurisdiction of the application.

With the record in its present state, the action of the applicant, in presenting a decree and pressing for its immediate signature, savors of the ultimate in optimism. Even if the allegations of the petition were sufficient to confer jurisdiction upon the court, this alone would not warrant a decree for payment, since the enactment

expressly prescribes in such a case that " the surrogate shall *hear* the claim ' and ' fix and determine the reasonable value thereof." The only possible connotation of this language implies a taking of evidence in respect to the facts pertinent to a determination as to the validity of the claim and the amount of the funeral expenses which is reasonable in the particular case.

As has frequently been pointed out, perhaps nowhere more clearly than by former Surrogate FOWLER in *Matter of Moran* (75 Misc. 90), the only basis for a recovery by an undertaker for funeral expenses in the Surrogate's Court is upon an assumpsit. The liability of the estate fiduciary as such in this respect is expressly limited to " the reasonable funeral expenses of decedent " which has been held, times without number, to be only to the extent of a sum compatible with the circumstances of the decedent. (*Matter of Smallman*, 138 Misc. 889, 893, 894; *Matter of Randolph*, 146 id. 879, 880; *Matter of Gavey*, 147 id. 332, 335, 336; *Matter of Lanza*, 149 id. 95, 97, and cases cited in these opinions.) A demonstration of the circumstances of each individual decedent and the size of his estate is, therefore, an essential prerequisite to any determination as to the amount properly payable for funeral expenses from the assets of his estate.

In addition to these considerations, the estate fiduciary is expressly prohibited by statute from paying funeral expenses " before the expenses of administration are paid," and Surrogate DELEHANTY in his able discussion of the subject in *Matter of Rothstein* (151 Misc. 466) has held that the latter are entitled to an absolute preference over the former. (See, also, *Matter of Tangerman*, 226 App. Div. 162, 164; *Matter of Baldwin*, 67 Misc. 353, 357.)

It follows, therefore, that even if the present applicant had succeeded in establishing the existence of the facts which are made a condition precedent to the jurisdiction of the court in such a proceeding, he could not achieve any recovery until he had demonstrated the pertinent facts respecting the size of the estate, the station in life of the decedent and the other matters habitually held relevant in a determination of the " reasonable " amount of a particular decedent's funeral expenses, and had further shown that there were sufficient additional moneys in the hands of the fiduciary to pay the reasonable unpaid expenses of administering the estate.

The court is not unsympathetic with the occasionally unfortunate predicament of the honest and conscientious funeral director who is called upon to perform the service of disposal of the remains of the dead, frequently without adequate opportunity for investigating the financial responsibility of those who seek his aid. His work is one in which the community as a whole possesses a distinct interest,

and he should be paid as promptly as possible compatible with the due regard for the interest of others. Unfortunately, however, this occupation like others numbers unworthy individuals among its ranks who, as indicated by Surrogate FOWLER (*Matter of Flynn*, 75 Misc. 87, 88), are only too ready to take advantage of bereaved persons " greatly agitated or overwhelmed by vain regrets or deep sorrow."

The problem requiring solution is the protection of the conscientious undertaker and of the natural dependents of the deceased alike. The machinery for this purpose should not be difficult of erection, but the task is a legislative and not a judicial function.

For the reasons assigned, the present application must be dismissed, without costs and without prejudice.

Proceed accordingly.