In the Matter of the Estate of GIOVANNI AMELIO, Deceased.

Surrogate's Court, Kings County, October 4, 1934.

*Anthony Valenti*, for the administrator.

*F. R. Serri*, for the petitioner.

WINGATE, S. This is an application for summary payment of an undertaker's bill. The original amount thereof was $1,055, but the applicant states in his petition that he is willing to accept $781.98 in full settlement and prays an order directing such payment.

The only assets of the estate are an apparently purely theoretical equity in real property, the taxes and mortgage interest payments in connection with which are seriously in arrears and which the fiduciary has decided to abandon; jewelry valued at $15, and cash amounting to $972.15, from which $190.15 has already been expended, leaving a balance of $782, which the undertaker seeks to appropriate to himself, leaving two cents (presumably to cover the Federal check tax) in the hands of the fiduciary.

Claims filed against the estate aggregate $869.84, of which $229.50 has been reduced to judgment. The estimated further administration expenses amount to $150.

As pointed out by this court in *Matter of Matyasz* (151 Misc. 370, 374, 377), funeral expenses are preferred only to a reasonable

amount in view of the size of the estate and the other pertinent considerations and are deferred to administration expenses. It follows, therefore, that a direction of this court for the payment of the total assets of the estate to the undertaker without any reservation for the payment of the estimated administration expenses would be an improper act. Subtracting the sum estimated as being necessary for this purpose from the total remaining assets of the estate, leaves $632.

The question thereupon arises as to whether a payment of the total assets of an estate of this size after deduction of administration expenses would come within the statutory and judicial definition of " reasonable." The obvious answer is a negative, particularly in a case like the present where the payment would be made to the total destruction of the rights of unquestioned creditors.

The desire of friends and relatives of a deceased person to pay all possible respect to the remains of the departed is wholly understandable and frequently even laudable, but when the result of such action is in effect to place the financial burden thereof upon unrelated third parties, the memory of the departed will be more savory if the expense is reduced to a minimum and those who have trusted to his credit receive their due.

Under the circumstances here disclosed, at least on the present record, it is the opinion of the court that the funeral expenses of the deceased should have approximated the minimum for which the necessary office could be procured, or, in any event, that the creditors are entitled to be heard on the question of reasonableness. An order will accordingly be made directing the immediate payment of $250 to the applicant and remitting the question of the additional amount, if any, which he shall receive, to the final accounting.

Proceed accordingly.