In the Matter of the Estate of PATRICK J. DERRY, Deceased.

Surrogate's Court, Kings County, November 16, 1936.

*Drazen & Drazen*, for the petitioner Richard J. Delaney, Inc., funeral director.

*Alfred Norick*, for the executrix, Charlotte Marie Bellanger.

WINGATE, S. This uncontested application for payment of a funeral bill presents for consideration the questions of the obligations of the court and the rights of such claimant under the revision of section 216 of the Surrogate's Court Act, accomplished by chapter 202 of the Laws of 1936, which became effective on September first of this year.

The somewhat striking defects and contradictions in the section as previously existing were made the subject of analysis and comment by this court in *Matter of Matyasz* (151 Misc. 370). This resulted in a wide-spread demand for a revision of the enactment, in the accomplishment of which this court, as an individual, gladly co-operated. Whereas, of course, the consequent individual information possessed by the court respecting the objects sought to be attained by the remedial legislation enacted may not be utilized in an official capacity in an interpretation of the effect of the new statute (*Matter of Bommer*, 159 Misc. 511, 513), it is believed that the legislative intent in the alterations made will be readily apparent when the terms of the new enactment are compared with those of the old, and the former are read in the light of the note appended to the revised section. This note was before the Legislature at the time of the passage of the bill and may, therefore, properly be deemed to reflect its purpose in accomplishing the alteration in the law

which was made. (*American Historical Soc.* v. *Glenn*, 248 N. Y. 445, 451, 452; *People* v. *Schweinler Press*, 214 id. 395, 404; *Matter of Greenberg*, 141 Misc. 874, 882; affd., 236 App. Div. 733; affd., 261 N. Y. 474; *Matter of Sitkin*, 151 Misc. 448, 456, 457; *Matter of Miranda*, Id. 459, 460; *Matter of Quenzer*, 152 id. 796, 799.)

For convenience in comparison, the text of the section as revised will be superimposed upon the enactment as existing prior to the revision, omitted portions being inclosed in brackets, and additions italicized. The composite result of this process is as follows:

" § 216. Proceeding to compel payment of funeral expenses. Every executor or administrator shall pay, out of the first moneys received, the reasonable funeral expenses of decedent, and the same shall be preferred to all debts and claims against the deceased. If the same be not paid within sixty days after the grant of letters testamentary or of administration, the person having a claim for such funeral expenses may present to the Surrogate's Court a petition praying that the executor or administrator may be cited to show cause why he should not be required to make such payment. [If upon] *Upon* the return of the citation, *the surrogate may inquire into the merits of the application by examination of the fiduciary or others having knowledge of relevant facts, or by taking other proofs, whether or not any issue has been raised by the fiduciary, and if it* shall appear that the executor or administrator has received moneys belonging to the estate which are applicable to the payment of the claims for funeral expenses, [and that the executor or administrator admits the validity of the claim or claims and the reasonableness of the amount thereof], the surrogate *may* [shall] make a decree directing the payment of the same, or of such part thereof as he may specify, [within ten days thereafter. If the executor or administrator files an answer setting forth the facts, and therein disputes the validity of the claim or claims, or the reasonableness of the amounts thereof, the surrogate] *or* may direct that the claim [or claims so disputed] be heard upon the judicial settlement of the accounts of *the fiduciary* [such executor or administrator. If it shall appear, however, to the satisfaction of the surrogate, that there are sufficient moneys in the hands of the executor or administrator to pay the administration expenses and the reasonable funeral expenses, the surrogate shall hear the claim for funeral expenses, fix and determine the reasonable value thereof, and make a decree directing payment of the same, or of such part thereof as he may specify, within ten days thereafter.] If it shall appear that no money has come into the hands of the executor or administrator the proceeding shall be dismissed without costs and without prejudice to a further application or applications showing that since such dismissal the executor

or administrator has received money belonging to the estate. At any time after three months from the date of the former decree, a further application may be made by petition stating the facts upon which the belief of the petitioner that there are moneys in the hands of such executor or administrator applicable to the payment of his claim, is based. Upon such further application the issuance of the citation shall be in the discretion of the surrogate. If upon any accounting it shall appear that an executor or administrator has failed to pay a claim for funeral expenses, the amount of which has been fixed and determined by the surrogate, as above set forth, or upon such accounting, he shall not be allowed for the payment of any debt or claim against the decedent until said claim has been discharged in full; but such claim shall not be paid before expenses of administration are paid."

It will be observed from the foregoing that six of the nine sentences composing the section prior to the 1936 amendment remain wholly unaltered. The portions thus unchanged comprise the first, second, sixth, seventh, eighth and ninth sentences of the section as previously existing. Sentence five was wholly eliminated and sentences three and four joined and, in substance, completely rewritten.

In the ascertainment of the legislative purpose actuating this elimination and alteration, the note of the revisers is of importance. It reads: " The proposed amendments to section 216 of the Surrogate's Court Act are offered to simplify and clarify the provisions of that section. Under the former section some surrogates have held that the failure of the representative of the estate to appear or to answer precluded the surrogate from making any disposition of the application. (See *Matter of Matyasz*, 151 Misc. 370.) These amendments are proposed so that the surrogate on an application under section 216, Surrogate's Court Act, may have the power to determine the reasonableness of the funeral expenses without having to dismiss the proceeding because of the present lack of authority vested in him in the present section."

In view of the reference in the note to *Matter of Matyasz* as the precedent in mind which had demonstrated the absence of authority in the surrogate to determine the issues of the proceeding in any emergency, analysis, in that opinion, of the effect of the sentences of the former section which have been altered or eliminated becomes of interest in evaluating the result of the change. These are found on pages 375 and 376 of 151 Miscellaneous Reports and hold that under the enactment as at that time existing, in the absence of an admission by the executor or administrator of the validity of the claim and the reasonableness of its amount, the court possessed no

authority to proceed with the hearing of the claim and the determination of its reasonableness unless a preliminary demonstration to its satisfaction, were made that there were sufficient moneys in the hands of the executor or administrator to pay the administration expenses and the reasonable funeral charges. The sentences which compelled such interpretation have now been wholly removed from the section and in their place has been substituted the following lucid statement: " Upon the return of the citation, the surrogate may inquire into the merits of the application by examination of the fiduciary or others having knowledge of relevant facts, or by taking other proofs, whether or not any issue has been raised by the fiduciary, and if it shall appear that the executor or administrator has received moneys belonging to the estate which are applicable to the payment of the claims for funeral expenses, the surrogate may make a decree directing the payment of the same, or of such part thereof as he may specify, or may direct that the claim be heard upon the judicial settlement of the accounts of the fiduciary."

It is hardly conceivable that jurisdiction for the determination of the rights of one advancing a claim of the nature here in question could be granted in more explicit or all-inclusive terms. The revised authority embraces every conceivable situation — " whether or not any issue has been raised by the fiduciary," who is customarily the only other party to the proceeding.

The difficulty of jurisdiction being thus removed, the sole remaining question in the present and substantially every other similar case, concerns the requirements imposed as conditions precedent to the grant of the desired relief. These are stated in equally explicit and unmistakable terms in the words of the amendment. Such relief may be granted " if it shall appear that the executor or administrator has received moneys belonging to the estate which are applicable to the payment of the claims for funeral expenses."

The manner in which compliance with this essential prerequisite to relief shall be made to appear is also unmistakable. It can arise from express admissions of essential facts in the pleadings, as in any other case, or may result from the specified inquiry by the surrogate " into the merits of the application by examination of the fiduciary or others having knowledge of relevant facts, or by taking other proofs." In other words, the practice in this regard is made to conform with almost complete exactness to that in vogue in a proceeding for discovery of assets.

The facts relevant to such an inquiry have long been established in the law. They include the size of the estate, the circumstances and standing of the decedent, the beneficial extent of the expenditures and charges by the undertaker and the effect which the

payment of any asserted obligation would have on the ability of the estate to pay administration expenses, claims of general creditors and legacies or distributive shares. (*Ferrin* v. *Myrick*, 41 N. Y. 315, 318; *Patterson* v. *Patterson*, 59 id. 574, 583; *Kittle* v. *Huntley*, 67 Hun, 617, 618; *Matter of Shipman*, 82 id. 108, 115; *Matter of Smith*, 75 App. Div. 339, 340; *Pache* v. *Oppenheim*, 93 id. 221, 223, 224; *Matter of Brundage*, 101 Misc. 528, 538, 539; affd. *sub nom. Matter of Farmers Loan & Trust Co.*, 186 App. Div. 772; modified on other grounds, 226 N. Y. 691; *Matter of Erlacher*, 3 Redf. 8, 12; *Allen* v. *Allen*, 3 Dem. 524, 525; *Matter of Smallman*, 138 Misc. 889, 893, 894; *Matter of Randolph*, 146 id. 879, 880; *Matter of Gavey*, 147 id. 332, 336; *Matter of Lanza*, 149 id. 95, 97; *Matter of Amelio*, 153 id. 52, 53.)

Until these matters have been elucidated to the satisfaction of the surrogate in one of the modes indicated, there is no justification for any award to the claimant.

As a result of the amendment, the seven sentences of the section demonstrate the law to be as follows:

A. Funeral expenses of the decedent to a *reasonable* amount are preferred over claims which originated during the decedent's lifetime (Sentence 1) but are not preferred over administration expenses (Sentence 7).

B. The estate fiduciary shall pay *reasonable* funeral expenses out of the first moneys received (Sentence 1) but shall not pay them in preference to administration expenses (Sentence 7).

C. If such reasonable funeral expenses have been fixed and determined, the estate fiduciary shall receive no credit on his accounting for any debt payment until the amount of the funeral expense, thus fixed, has been paid (Sentence 7).

D. If a claimant for funeral expenses has not been paid for sixty days after the grant of letters, he may cite the estate fiduciary to show cause why such payment should not be made (Sentence 2).

E. Upon the return of the citation, irrespective of whether an issue has or has not been raised, proof may be adduced respecting the facts which are relevant on the questions of what amount of expenditure is reasonable in the individual estate and the funds which are available for making present payments thereof (Sentence 3).

F. If funds for payment are available, the court may either direct the payment of the claim in whole or in part or direct that the entire matter be remitted to the judicial settlement of the accounts of the fiduciary (Sentence 3).

G. In the event that the demonstration respecting the presence of available funds does not warrant relief, the proceeding is to be

dismissed without costs and without prejudice to a further application showing that since the dismissal, the fiduciary "has received money belonging to the estate" (Sentence 4).

H. Such further application may not be brought until after the expiration of three months from such dismissal and must state the facts upon which the belief of the petitioner that moneys "applicable to the payment of his claim" is based (Sentence 5).

I. The issuance of a citation on such further application is discretionery with the surrogate (Sentence 6).

It will be observed that with the substitution of the foregoing statements contained in the paragraphs designated "E" and "F" for those marked "E," "F" and "G" in *Matter of Matyasz* (151 Misc. 370, 375), the foregoing statement of the rights of a claimant for payment of funeral expenses corresponds in all respects to that contained in that case.

Where issues have been raised by answer of the fiduciary or another, to the petition of the claimant, these will obviously require a hearing before the surrogate, but in the absence of a joinder of issues, the requisite demonstration may be adduced in a manner similar to that employed in a discovery proceeding in which no answer has been interposed. In either event, however, it is a requirement for relief that the surrogate "inquire into the merits of the application by examination" of witnesses "or by taking other proofs."

In the case at bar all that is before the court is the petition of the undertaker which alleges on information and belief "that the said executrix has received monies belonging to the estate, which are applicable to the payment of the within claim for funeral expenses" which aggregates $892.86, and a proposed order, directing payment of this sum, which bears a consent to entry by the attorney for the executrix.

If the executrix deems the bill proper and reasonable in view of all of the pertinent circumstances in the case, and is willing to defend her position in this regard against possible attack on the judicial settlement of her accounts, she should pay it voluntarily and not compel the claimant to institute a proceeding to compel her to do so. If, on the other hand, she entertains any doubt on the subject and desires a judicial determination in respect to it, she should, by answer in the proceeding, place the court in possession of the relevant facts, thereby enabling it, if such facts be admitted, to decide the pertinent issues as matters of pure law.

The procedure here adopted of attempting to obtain a semblance of an adjudication in the absence of a disclosure of pertinent facts upon which alone any proper determination may be based, is to be

deprecated. Neither in the present, nor in any other case of this nature, will this court wittingly permit itself to be placed in the anomalous and embarassing position of directing a fiduciary to make a payment, for the making of which it might subsequently be compelled to surcharge such fiduciary in the judicial settlement of his accounts.

Since no answer has been interposed in the present instance and no demonstration of pertinent facts has been made in the pleadings, it is the obligation of the petitioner to adduce testimonial proof, in the manner hereinbefore indicated, in respect to the facts and conditions possessing relevance to a determination of the amount properly expendable by this estate for funeral expenses and the present ability of the executrix to pay the sum which may be allowed.

Proceed in conformity herewith.