In the Matter of the Accounting of the PUBLIC ADMINISTRATOR OF KINGS COUNTY, as Administrator of the Estate of SILVIO or ATTILIO CAMMARINESE, Deceased.

Surrogate's Court, Kings County, April 19, 1951.

*Thomas J. Snee* for administrator, petitioner.

*Nathaniel L. Goldstein, Attorney-General,* for unknown distributees.

*Albert Dorf* for State Tax Commission.

*Austin G. Cocuzza,* special guardian.

*Fink & Young* for Consul General of Italy.

*John J. Minett* for Regina E. Purcell, creditor.

*Michelina Messina,* creditor in person.

*Bernard Chieco,* creditor in person.

Rubenstein, S. The objections filed by Bernard Chieco to the failure of the Public Administrator to allow and pay his claim for moneys advanced on account of decedent's funeral expenses are dismissed and the claim disallowed.

Immediately after decedent's death, the Public Administrator advised the funeral directors that he would authorize funeral expenses of no more than $500 and the directors agreed to perform all necessary services in the burial of decedent for that sum. The objectant, with full knowledge of the limitation placed on the sum authorized to be expended by the Public Administrator for the purpose, directed the funeral directors to give decedent a more pretentious funeral than could be given for $500 and agreed to pay the excess of the expense over such amount. Decedent's funeral was conducted on such basis and the excess of the cost over $500 was paid by objectant, who now seeks reimbursement from the estate.

The objectant is not a party interested in the estate. In providing for decedent a funeral more elaborate than the Public Administrator had authorized and which he believed sufficient under the circumstances, the objectant became merely a volunteer. The court cannot and will not countenance such interference with the duties and obligations of the Public Administrator. Although the objectant believed decedent was entitled to a funeral costing more than the Public Administrator determined to be reasonable and provided for it, he has no remedy against the estate. (See *Matter of Cava,* 174 Misc. 750.)

The objectant has failed to sustain the burden of proof, which was upon him, to establish that decedent had directed that he be given a funeral more elaborate than the Public Administrator had arranged for. *Matter of Hardiman* (N. Y. L. J., March 21, 1951, p. 1021, col. 5), decided by this court, does not aid the objectant. That case was decided on the particular facts there present, is not to be extended and the objectant does not come within its terms.

The claim of the funeral directors for the balance of $203 still due on the $500 authorized by the Public Administrator to be expended for decedent's funeral is allowed.

Proceed accordingly.