In the Matter of the Accounting of CHARLES LANE, as Executor of JAMES M. STEWART, Deceased.

Surrogate's Court, Kings County, December 18, 1951.

*Phillips H. Nicolay* for executor, petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*Philip Watson* of counsel), for the People of the State of New York, respondent.

*George H. Fox* for Equitable Life Assurance Society of the United States, objectant.

RUBENSTEIN, S.   Two questions are presented in connection with the settlement of an executor's account.   The first concerns itself with priority of payment between the State of New York (hereinafter referred to as the State) and the Equitable Life Assurance Society of the United States (hereinafter referred to as Equitable).   The second relates to the amount of counsel fee to be awarded to the attorney for the executor of an insolvent estate.

The basic facts involved in the first issue are not in dispute. On March 25, 1932, Equitable recovered a judgment against testator in the sum of $25,888.81.   No part of the judgment has been paid and on August 23, 1950, the date of filing of its proof of claim, there was due to Equitable for principal and interest, the total sum of $54,376.03.   Testator died on June 20, 1950, and was then indebted to the State in the sum of $258.71 for rent of store premises, 84-A Chambers Street, borough of Manhattan, city of New York.   For some time before his death, testator had been engaged in the business of selling china and glassware on the premises.   Between the date of death and July 31, 1950, when testator's will was admitted to probate and letters testamentary issued thereunder, the further sum of $251.30 accrued for rent.   Subsequent to his appointment the executor remained in possession while liquidating the business and did not vacate the premises until October 31, 1950, at which date an additional sum of $777.09 was due for rent.

The issue between the State and Equitable is one of law. The former contends that the entire sum of $1,287.10 due to it must be preferred under subdivision 1 of section 212 of the Surrogate's Court Act.   The latter asserts no part of the claim may be preferred and that its judgment is entitled to priority of payment under subdivision 3 of the same statute.   A reading of the section indicates very clearly that the State is entitled to priority in payment only if the debt is one which is " entitled to a preference under the Laws of the   *   *   *   state of New York."   The State has pointed to no statute or decision under which it is indicated that the debt is entitled to preference. It must be borne in mind that the debt is not one for taxes or other revenue nor is it for an obligation incurred in the exercise by the State of its sovereign or governmental functions.   It results solely from the fact that the State has engaged in the business of renting property in competition with other landlords in the community.   When the State engages in extragovernmental activities, fairness demands that it should not

be given an advantage over those with whom it competes and it should not have the benefits which it enjoys as a sovereign power. There is a recognized distinction between the exercise of public or governmental functions on the one hand and private or proprietary functions on the other. By no stretch of the imagination or the law may it be said that the State, under the facts disclosed, was engaged in the exercise of its sovereign power. This court accepts the holding in *Matter of Andrews* (179 Misc. 876, 877) that " Equality in the treatment of creditors is the general rule, and to support a preferential status under a statute, the intent of the Legislature to accord such a status should be clearly expressed." Hence the failure of the State to point to any statute which directs that a debt such as that involved herein shall be preferred in payment is significant. Accordingly, the court concludes that the claim of the State is not a debt which is entitled to a priority in payment.

However, it is clear from the facts that part of the State's claim constitutes an expense of administration. Therefore, so much thereof as constitutes a debt of the estate as distinguished from a debt of the testator must be paid before there is any distribution to creditors (*Matter of Ciappei*, 159 Misc. 438; *Matter of Derry*, 161 Misc. 135, 140; *Matter of Matyasz*, 151 Misc. 370, 377; Surrogate's Ct. Act, § 222). The executor was under a duty to take possession of the assets, including the testator's business, and to liquidate them in an orderly way. As indicated in *Matter of Kitzes* (N. Y. L. J., Dec. 13, 1951, p. 1637, col. 5 [Savarese, S.]), the executor may continue a going business for the purpose of liquidating it or selling it as such if the estate will benefit thereby. There is always a possibility that the sale of a going business, as such, may result in a larger purchase price than if the assets were sold piecemeal. The rent which accrued from the date of issuance of letters to the time the executor vacated the premises, in the sum of $777.09, is determined to be an expense of administration and to be paid as such.

The court concludes, likewise, that the rent of $251.30 which accrued between the date of decedent's death and the date of probate of his will is also an obligation of the estate. In that period no one could lawfully occupy the premises and it was for the estate's benefit that the assets be held intact and safe. Until such assets were sold it is clear that they had to be preserved. This latter sum is likewise determined to be an expense of administration. It follows that the State is entitled to the sum of $1,028.39 as a claim for administration expenses

and as to the balance of its claim of $258.71, it is a general creditor.

The court is sympathetic to the importunities of petitioner's attorney but it cannot, in good conscience, award to him the counsel fee sought herein. On consideration of all the facts, the court determines that $500 is the reasonable value of the services rendered and allows such sum for such purpose. The objections are disposed of as herein indicated.

Proceed accordingly.