John J. Dillon, S.
The petitioner will be authorized to compromise the cause of action for wrongful death of decedent for the proposed amount and attorney’s fees and disbursements are fixed and allowed in the reduced amount of $4,442. The amount allowed for attorney’s fees has been computed in accordance with the retainer agreement as to the widow’s share of the recovery, but has been limited to 33%% with respect to the infant’s share of the recovery.
The decedent, a resident of Westchester County, died as a result of injuries sustained by him in Illinois. The proceeds of recovery, in a wrongful death action are distributable in accordance with the laws of the jurisdiction in which the cause of action arose (Matter of Uravic, 142 Misc. 775; Matter of De Martino, 142 Misc. 431). The Illinois wrongful death statute (Illinois Rev. Stats. [1957], ch. 70) is similar to the New York statute in that the proceeds of recovery in such action are for the exclusive benefit of the widow and next of kin and shall be apportioned between them in accordance with the pecuniary injuries which they have suffered.
The decedent was 50 years of age at the date of his death and was survived by a widow younger than himself and four children, two of whom are infants who were respectively 9 years of age and 19 years of age at the date of decedent’s death. The two adult children suffered no pecuniary injury as a result of decedent’s death. Considering the probable life expectancy of the decedent at the date of his death and the duration of the minority of his two surviving infant children, the court determines that the net proceeds of the recovery are distributable as follows: to the widow 60%; to the 9-year-old infant 34.3%; to the 19-year-old infant 5.7%.
The special guardian has raised a question concerning the reasonableness of the two claims which have been asserted for unpaid funeral expenses. One claim in the amount of $1,032.94 has been submitted by the Illinois funeral director and one claim in the amount of $427 has been submitted by a New York funeral director. In determining the reasonableness of the funeral expenses, the court may consider the size of the estate, the decedent’s station in life, the benefits of the expenses and the charges made by the undertaker and the effect of the payment of the funeral expenses on the rights of the persons interested in the estate (Matter of Amelio, 153 Misc. 52; Matter of Matyasz, 151 Misc. 370). The burden of sustaining the *473 reasonableness of funeral expenses is upon the person asserting the claim, usually the undertaker, and merely alleging the reasonableness of the charge is not sufficient to sustain the burden of proof (Matter of Derry, 161 Misc. 135).
Taking all of the foregoing factors into consideration, the court determines that the claims being asserted for funeral expenses are excessive and accordingly, the claim of the Illinois funeral director is allowed in the reduced amount of $700 and the claim of the New York funeral director is allowed in the reduced amount of $300. The claim for reimbursement for medical expenses is allowed in the amount requested.
The decree to be made hereon shall contain appropriate provision for the payment by the defendant, or its insurance carrier, of the proceeds of such compromise direct to the persons entitled thereto as hereinabove determined.
Settle decree.