Harry G. Herman, S.
In this accounting proceeding the Public Administrator has rejected a claim for funeral expenses, and objections to such claim have been interposed on behalf of the distributees of decedent all of whom are adults and competent and reside in Italy.
The decedent died intestate, a resident of Westchester County, during September, 1958. As he had no close relatives residing in the United States a business associate made the arrangements for decedent’s funeral.
The gross estate approximates $17,000. A claim for funeral expenses in the sum of $1,731 was rejected by the Public Administrator, although a partial payment of $950 was made on account of such claim.
Upon the hearing the claim was amended to include an additional amount of $428 advanced by the funeral director to provide a headstone which had been selected by the former business associate of decedent. At the hearing the claimant established various items totaling $2,000. These included miscellaneous advances aggregating $159, a casket purchased for $238, a burial plot provided at a cost of $300 and the headstone above mentioned costing $428. In addition thereto, claimant charged $190 for a vault which cost $95 and a charge of $135 was made for the removal and preparation of decedent’s remains in addition to a charge of $550 for what was termed “ overhead.”
Under section 216 of the Surrogate’s Court Act, the court must allow only the “ reasonable funeral expenses of decedent ”. In determining the reasonableness of such expenditures, the court has considered the decedent’s station in life, the size of the estate, the benefits of the expenditures, and charges made by the funeral director, and the effect of such expenses upon creditors and persons interested in the estate (Ferrin v. Myrick, 41 N. Y. 315; Matter of Amelio, 153 Misc. 52). The burden of *790 sustaining the reasonableness of the funeral expenses in this case is upon the funeral director and the mere allegation that the charges were reasonable is not enough to sustain the burden of proof (Matter of Preyer, 12 Misc 2d 471; Matter of Derry, 161 Misc. 135).
The court allows as reasonable the miscellaneous items aggregating $159 in addition to the cost of the casket, of the plot and of the headstone totaling $1,125. The amount of $95 will be allowed for the cost of the vault, that being the amount paid by the funeral director. The remaining items covering the removal and preparation of decedent’s remains and the so-called “ overhead ” of the director are reduced to $500. Accordingly the sum of $1,720 is fixed as the amount of the reasonable funeral expenses of decedent. The item of $59.60 for the burial garments purchased by the former business associate of decedent and which have been included in the claim presented by the funeral director is disallowed.
Submit decree on notice fixing the sum of $1,720 as the reasonable value of such funeral expenses and directing payment thereof after deducting the amount of $950 paid on account thereof by the Public Administrator.