George Boldman, J.
This is a petition under section 216 of the Surrogate’s Court Act by a partially unpaid undertaker against an administratrix for a decree directing payment of the balance of the funeral bill of decedent’s wife.
Decedent, Joseph H. Guiles, and his wife, Pauline Guiles, were involved in an automobile accident as a result of which Pauline Guiles died instantly, and Joseph H. Guiles several hours later. The' funeral expenses of the decedent were paid in full by his administratrix, and the funeral expenses of the wife, who died without any estate, are in question here. Petitioner was successful in collecting $132 in social security benefits which accrued upon her death, and now seeks to have the balance due on the funeral of Pauline Guiles construed to be a preferred claim or charge against and paid by the administratrix of her husband, Joseph H. Guiles.
The total estate of Joseph H. Guiles has been estimated to be $3,200, while liabilities against the estate consisting of medical, hospital, funeral and other debts of the decedent, exclusive of administration expenses, exceed $4,000, making it impossible to pay all creditors in full.
It is the contention of the petitioner that the balance, of his claim for services in connection with the burial of the decedent’s wife is entitled to preference in payment to other claims and is reasonable in amount. Justification for priority is .said to be found in section 216 of the Surrogate’s Court Act which directs that: “ Every * * * administrator shall pay, out of the first moneys received, the reasonable funeral expenses of the decedent, and the same shall be preferred to all debts and claims against the deceased ” (emphasis supplied).
In support of its position, petitioner relies upon Matter of Hardiman (104 N. Y. S. 2d 380); Patterson v. Patterson (59 N. Y. 574, 585 [1875]); Matter of Powers (75 Misc. 85 [1911]), and Matter of Stiles (126 Misc. 715 [1926]), which cases, it is contended, compel the granting of the relief sought.
Considering first, the statute under which petitioner seeks to justify its contention, the language seems to be clear and unambiguous, and refers only to the reasonable funeral expenses of the decedent and not to members of his family. In view of this construction of the statute, the funeral expenses of Pauline Guiles are a charge solely upon her estate, and only in relation *451 to her estate could they be considered as having priority or being preferred; and as against the estate of Joseph H. Guiles, petitioner’s claim is only that of a general creditor.
“Priority, being an unusual privilege, depends upon having clear and specific warrant in the law * * *.
“ In modern law priorities are recognized, in almost every case, only by virtue of some regulatory statute dealing with some particular matter exclusively. The existence of such statutes deprives the courts pro tanto of the power to extend priority to another class either by inference from 1 inherent power, ’ or by reliance on any of the equitable grounds”. (Matter of Nifeneger, 177 Misc. 198,199-200 [1941].)
The decision Matter of Hardiman (supra) was based upon a factual situation quite different than that which prevails in the instant case. In Hardiman, the decedent against whose estate the claim for his wife’s funeral was allowed was consulted while in extremis regarding the same, and gave specific instructions as to the conduct of the funeral and cost thereof. In the present case there is no evidence of such consultation, direction or approval. It is also to be noted that the court which decided Matter of Hardiman (supra), in a subsequent decision limited its holding to the particular facts therein (Matter of Cammarinese, 199 Misc. 831, 832 [1951]).
In view of this determination, it is unnecessary to pass on the reasonableness of the funeral bill in question except to say that the burden of sustaining the same as reasonable is upon the funeral director and the mere allegation of such is not enough to sustain the burden of proof. (Matter of Siciliano, 32 Misc 2d 789 [1961].)