In the Matter of Proving the Last Will and Testament of NICHOLAS SCHLEMMER, Deceased, as a Will of Real and Personal Property.

Surrogate's Court, Bronx County, November 13, 1929.

*Herbert Loewenthal [James D. Breslin* of counsel], for the proponent.

*Daniel A. Boyle,* for the respondent.

SCHULZ, S. The proponent upon his affidavit annexed to the moving papers, and upon all the papers and proceedings herein, moves to strike out a notice of appearance filed by an attorney at law on behalf of certain heirs at law and next of kin, and an answer containing objections by said parties filed by the said attorney, and also for an order requiring the contestants to file security for costs, if said notice of appearance and answer are not stricken out.

From the papers on file and the proof of service of the citation, it appears that the citation has been served on all of the said persons so appearing, and that they are of full age and sound mind; and this, I understand, is not disputed. It follows, therefore, that, pursuant to subdivision 2 of section 41 of the Surrogate's Court Act, the court has jurisdiction of such persons.

The proponent contends that the notice of appearance cannot be given effect because the authority of the attorney to so appear, duly signed by the contestants and acknowledged or proved and duly certified, has not been filed. The notice of appearance has subscribed to it an authorization signed by the parties through an alleged attorney in fact, but as the power of attorney under which he presumes to act has not been filed, the attempted authorization is without effect. The notice of appearance must, therefore, be considered without the attempted authorization.

As the court has jurisdiction of the parties, they have a right to appear pursuant to the Surrogate's Court Act (§ 63) which provides that " In a surrogate's court, a party of full age *may,* unless he has been judicially declared to be incompetent to manage his affairs, appear and prosecute or *defend* a special proceeding in person, or by *attorney* regularly admitted to practice in the courts of record, at his election, * * * An appearance must be evidenced by a notice of appearance signed by the party or by his attorney, * * * and filed in the surrogate's court; and where *no citation has been served* on the person appearing, such appearance and notice must conform to the requirements of section forty-one of this act." (Italics mine.)

The provisions of section 41 material to the question provide that " The surrogate's court, in any proceeding before it, shall have jurisdiction of the following: * * * 3. Persons of full age who have not been judicially declared to be incompetent to manage

their affairs, * * * c. Who, whether named in the petition or citation or not, shall appear by attorney whose authority in writing to appear, so signed, acknowledged, or proved, and duly certified, shall be filed."

It will be noted that the subdivision does not refer to persons *cited,* but only persons " *named* in the petition or citation or not." With one exception the cases cited in the briefs of the proponent appear to be proceedings in which a citation had not been served, and hence the court had no jurisdiction. If the contention made is correct, no party to a proceeding, even though duly cited, could appear, unless the authority of the attorney, signed, acknowledged or proved, and duly certified, was filed. I do not find any authority in the act for such a holding.

The answer containing objections in the probate proceeding must be verified. (Surr. Ct. Act, § 49.) That interposed in this matter is acknowledged by the alleged attorney in fact heretofore referred to. Upon the argument it was stated that the power of attorney was not filed because it had not been properly authenticated, but even if it had been filed, the answer would be defective because it is not verified. (Surr. Ct. Act, § 50; Rules Civ. Prac. rule 100.)

As I have found that the persons referred to have properly appeared by an attorney, and have attempted to file objections which are defective as to their verification, I believe that in the interests of justice they should be given an opportunity to correct the error. A default granted at this time would no doubt result in an application to open the matter and cause much more delay.

All parties who have thus appeared are non-residents of the State and security for costs may (Surr. Ct. Act, § 282) and in this case should be required.

I accordingly determine the matter as follows: The motion to strike out the notice of appearance is denied. The motion to strike out the answer is granted, with leave to the contestants to file an answer containing objections of the same tenor as those in the present answer, verified as provided by rules 99 and 100 of the Rules of Civil Practice, and by sections 49 and 50 of the Surrogate's Court Act, provided that the said contestants file security for costs in the sum of $500 within five days after the service upon their attorney of a copy of the order to be entered hereon, with notice of entry thereof, that they file such answer within five days thereafter, and that the contestants accept short notice of trial for December 2, 1929. Submit order accordingly.