In the Matter of the Will of MERI FOBAC, Deceased.

ANTONIA FABAC, Appellant; TOMAS IVANCIC, Respondent.

Fourth Department, May 5, 1943.

*Frank Gibbons* for appellant.

*Charles F. Boine* for respondent.

DOWLING, J. Meri Fobac, also known as Mary Fabac, died at Tonawanda, N. Y., on October 31, 1929, leaving her surviving an adult daughter, Antonia Fabac, a resident of Mocilo, Savarin, Na Kupi, Croatia, Jugoslavia. Mrs. Fobac also left a will executed by her on the 11th of October, 1929. By the will she devised and bequeathed all of her property to one Blaz Ivancic of Tonawanda, N. Y., and she appointed him as her sole executor. He was not related to the testatrix.

On April 17, 1939, Blaz Ivancic presented a petition, verified in October, 1938, to the Surrogate of Erie county asking for the probate of said will, for his appointment as executor and that a citation issue to Antonia Fabac, she being the only living relative of the testatrix. On April 17, 1939, the Surrogate of Erie county issued a citation to Antonia Fabac directing her to show cause why a decree should not be made admitting said will to probate as the last will of Meri Fobac, also known as Mary Fabac. The citation was returnable on May 19, 1939. The citation was duly served by publication on Antonia Fabac. On the return of the citation on May 19, 1939, Antonia Fabac appeared by her attorneys, Gibbons, Pottle & Pottle, who then filed in the Surrogate's Court of Erie County the following notice of retainer and appearance.

"NOTICE OF APPEARANCE.

In the Matter of
Proving the Last Will and Testament of MERI FOBAC, also known as MARY FABAC,

Deceased.

Sirs:

YOU WILL PLEASE TAKE NOTICE that we have been retained by and hereby appear for Antonia Fabac, a party to the above entitled proceeding, and hereby demand the service upon us of all papers and notices in the proceeding at our office, 618–

630 Walbridge Bldg., 43 Court St. in the City of Buffalo, County of Erie, and State of New York.

Dated, Buffalo, N. Y. May 17, 1939.

GIBBONS, POTTLE & POTTLE,
Attorneys for Antonia Fabac,
618-630 Walbridge Bldg.,
Buffalo, N. Y.

To:

George T. Vandermeulen, Esq.,
Clerk of the Surrogate's Court, Erie County,
and to Charles F. Boine, Esq.,
Attorney for Petitioner."

On December 13, 1939, Blaz Ivancic died leaving a will which was admitted to probate by the Surrogate of Erie county and letters of administration with the will annexed were issued to Tomas Ivancic, the sole residuary devisee and legatee under said will. When Blaz Ivancic died the proceedings for the probate of the will of Meri Fobac, also known as Mary Fabac, had not been completed. On September 12, 1940, Tomas Ivancic presented a supplemental petition, verified by him on September 12, 1940, asking that the will of Meri Fobac, also known as Mary Fabac, be admitted to probate and that letters of administration with the will annexed be issued to him. In the supplemental petition, Tomas Ivancic recited the proceedings that had been taken by Blaz Ivancic for the probate of said will. He also alleged in said petition " * * * and on the return day of said citation, namely May 19, 1939, said Antonia Fabac duly appeared herein by her attorneys, Gibbons, Pottle & Pottle, and said proceeding for the probate of said instrument now remains unfinished." Antonia Fabac, by her attorneys, Gibbons, Pottle & Pottle, interposed a verified answer and objections wherein it was alleged, in substance, (1) that the court had no jurisdiction to entertain the supplemental petition, (2) that the paper writing offered for probate was not the last will and testament of Meri Fobac because the same was not duly executed by the said Meri Fobac, (3) that on October 11, 1929, Meri Fobac was not of sound mind or memory or mentally capable of making a will, (4) that said paper writing was not freely or voluntarily executed by Meri Fobac and that it was procured by fraud and undue influence practiced upon her by Blaz Ivancic or by some person or persons acting in concert or privity with him, (5) that the cause of action set forth in the petition and the supplemental petition was barred by both

the six- and the ten-year Statutes of Limitations, (6) that the petitioners were guilty of laches in presenting said alleged will for probate.

Without any motion having been made by either petitioner to strike from the record the said notice of appearance or the answer and objections, the learned Surrogate, on his own motion, handed down a decision striking out the answer and objections " on the ground that no authority has been filed for these attorneys to appear for Antonia Fabac " as provided in section 41 of the Surrogate's Court Act. In the decree dismissing the answer and objections, leave was granted to Antonia Fabac " to file an answer and objections upon due appearance of said Antonia Fabac by a duly authorized attorney if made and filed within sixty days from the date of the service upon Gibbons, Pottle & Pottle, attorneys, of a copy of an order entered in accordance with said decision." The decree further provided that in the event that Antonia Fabac failed properly to appear within the sixty days specified, a decree admitting the will to probate would be entered without further notice.

On May 7, 1939, Antonia Fabac, by an instrument in writing signed by her in Jugoslavia and witnessed by Furaj Rebrovic and Ivan Toncic appointed one Marko Glavinic of Pittsburgh, Pa., her true and lawful attorney to look after her interests in the real property left by her mother in Tonawanda, N. Y., and to employ counsel for that purpose. The decree striking out the answer and objections interposed by Antonia Fabac was entered June 9, 1941. At that time Germany had overrun and absorbed Jugoslavia. Under those circumstances, contact with Antonia by her attorneys, Gibbons, Pottle & Pottle, was impossible.

Pursuant to his power of attorney and under date of August 27, 1941, Marko Glavinic by an instrument in writing duly acknowledged before Louis A. Barmen, a notary public in Allegheny County, Pa., appointed Gibbons, Pottle & Pottle, as attorneys to represent Antonia Fabac in the proceedings for the probate of her mother's will. The power of said Barmen to acknowledge deeds for the conveyance of lands and real estate in the Commonwealth of Pennsylvania was duly certified by William Z. Clark of the Court of Sessions in and for the County of Allegheny, in the Commonwealth of Pennsylvania. The power of attorney and certificate of appointment were timely filed on September 16, 1941, by Gibbons, Pottle & Pottle, in the office of the Surrogate of Erie county. The learned Sur-

rogate handed down a decision on September 17, 1941, holding that the power of attorney and the appointment of Gibbons, Pottle & Pottle, as attorneys for Antonia Fabac pursuant thereto were not acknowledged and certified in accordance with section 41 of the Surrogate's Court Act. The learned Surrogate then dismissed the answer and objections and directed the probate of the will. A decree of probate was entered on the 17th of September, 1941. Letters of administration with the will annexed were issued to Thomas (Tomas) Ivancic.

On October 6, 1941, Antonia Fabac, on a petition verified on September 23, 1941, by her attorneys, Gibbons, Pottle & Pottle, moved before the Surrogate to vacate the decree of probate " upon the ground the court is without jurisdiction to make or enter the decree [of probate] as against said Antonia Fabac by reason of the failure to serve upon her any citation or other process, and that the court erred when it refused to permit the said Antonia Fabac to appear in the proceeding by Gibbons, Pottle & Pottle, her attorneys, and when it refused to permit them to file objections to the probate of the will and answer the petition and when it refused to treat the appearance and answer as valid after the same had been filed and served, and hearing had thereon without objection." The Surrogate denied the application by an order entered on the 8th of October, 1941. From that order and from the decree admitting the will to probate, Antonia Fabac has appealed. The appellant also gave notice that she intends to bring up for review the order of June 9, 1941, which struck out the answer and objections of Antonia Fabac. The parties have stipulated that the citation for the probate of the will of the testatrix " was duly and properly served by publication pursuant to an order of the Surrogate's Court." The parties seem to be agreed that the estate of the testatrix consists solely of an undivided one-half interest in a house and lot in the city of Tonawanda, which was owned by her and Blaz Ivancic as tenants in common and that said property is worth about $2,500. The fact that the title to real property was involved undoubtedly induced the learned Surrogate to take every precaution to see that he had full and complete · jurisdiction of the parties and of the probate proceedings.

Since the real property devised by the will was located in Erie county and since the citation was duly served on Antonia Fabac by publication, the Surrogate's Court acquired general jurisdiction over the *rem* of the will. But this does not necessarily imply that the Surrogate had jurisdiction *in personam*

over Antonia Fabac. '' For the acquisition of such personal jurisdiction, compliance must be demonstrated with the provisions of section 41 of the Surrogate's Court Act, \* \* \*.'' (*Matter of Smith,* 175 Misc. 688, 692.) Section 63 of the Surrogate's Court Act provides, in substance, that a party of full age, and not judicially declared incompetent to manage his affairs, may appear and prosecute a special proceeding in person, or by attorney regularly admitted to practice in the courts of record at his election, except in certain kinds of proceedings not pertinent here. Said section further provides that '' an appearance must be evidenced by a notice of appearance signed by the party or by his attorney \* \* \*; and where no citation has been served on the person appearing, or where citation has been served personally without the state or by publication, such appearance and notice must conform to the requirements of section forty-one of this act.'' Section 41 of the Surrogate's Court Act provides in part as follows: '' The surrogate's court, in any action or proceeding before it, shall have jurisdiction of the following: 1. The petitioner. 2. Parties who have been duly cited, \* \* \*. 3. Persons of full age who have not been judicially declared to be incompetent to manage their affairs, \* \* \*. a. Who shall, either before or after the filing of the petition, waive the issue or service, or both, of the citation by an instrument in writing signed, acknowledged or proved and duly certified. b. Who, whether named in the petition or citation or not, shall appear personally in court and file written signed notice of appearance acknowledged, or proved, and duly certified. c. Who, whether named in the petition or citation or not, shall appear by attorney whose authority in writing to appear, so signed, acknowledged or proved, and duly certified, shall be filed.'' The learned Surrogate has taken the view that subdivision 3, paragraph c, applied notwithstanding that the citation had been served on Antonia Fabac by publication. We think that paragraph '' c '' does not apply to the appearance of a person who has been served with citation by publication or personally without the State. (*Matter of Schlemmer,* 135 Misc. 296, 298; *Matter of Hansen,* 155 Misc. 712, 714, 715; *Matter of Gesner,* 165 Misc. 252, 253.) We think that the provision of section 63, namely '' or where citation has been served personally without the state or by publication, such appearance and notice must conform to the requirements of section forty-one of this act '' does not mean that the attorney for a person so served must establish his authority to appear by a writing executed by his client in conformity to the require-

ments of paragraph " c. " We think that that provision means that an attorney appearing for a person so served must file a written notice of appearance as required by section 63. When such a notice has been filed the Surrogate's Court, under section 41, subdivision 2, acquires jurisdiction of the person so appearing. If this were not so, we think that the appointment of Gibbons, Pottle & Pottle, by the attorney in fact of Antonia Fabac was a sufficient compliance with the requirements of section 41, subdivision 3, paragraph c, of the Surrogate's Court Act. (*Matter of Schlemmer, supra,* p. 297; *Carpenter* v. *Allen,* 13 Jones & Sp. 322, 325, 326.)

The order of October 7, 1941, denying a motion to vacate the decree of probate should be reversed on the law and facts without costs and the motion should be granted without costs; the order of June 9, 1941, dismissing the answer and objections, should be reversed without costs and the answer and objections should be reinstated and a new trial should be granted. The appeal from the decree of probate should be dismissed without costs as academic in view of the decision on the appeal from the order of October 7, 1941.

All concur, HARRIS, J., in result only, except CROSBY, P. J., who dissents and votes for affirmance on the authority of sections 41 and 63 of the Surrogate's Court Act. Present — CROSBY, P. J., TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Order of October 7, 1941, denying a motion to vacate the decree of probate reversed on the law and facts without costs of this appeal to either party, and motion granted without costs; order of June 9, 1941, dismissing the answer and objections, reversed without costs and answer and objections reinstated and a new trial granted. Appeal from decree of probate dismissed without costs as academic in view of the decision on the appeal from the order of October 7, 1941.